JACOB ROTHSCHILD, Respondent *vs.* THE AMERICAN CENTRAL INSURANCE COMPANY, Appellant.

1. *Practice, civil—Evidence, weight of—Insurance—Burning of Property.—* Where in a suit on a policy of insurance, the defense is, that the burning of the property was due to the act of the plaintiff, the issue is to be decided, as in other civil cases, according to the preponderance of evidence and the reasonable probability of its truth. (Marshall *vs.* Thames Fire Ins. Co., 43 Mo., 586, and Polston *vs.* See 54 Mo., 291.)

2. *Practice, civil—Trial—Instructions—Commenting on Evidence.—*An instruction in a suit on a policy of insurance, where the defense was, that the plaintiff caused the burning of the property insured, which would avoid the policy, stated, that the issue was to be decided by the preponderance of evidence ; the court added thereto—"regard being had, however, to the serious nature of the charge, in determining the preponderance or weight of evidence." *Held,* improper, as injecting into the case an element of criminality, which it was the object of the instruction, as asked, to eliminate, and as also being a commentary on the evidence, and besides the intent of the plaintiff in causing the burning of the property was not involved in the case.

3. *Insurance—Policy, conditions of—Other insurance, notifications of—Quære,* will the renewal of a policy, or the taking out of other insurance in place of that expiring, vitiate a policy in another company, which required a notification of all subsequent insurance, no notice having been given, and the property never being insured for a greater amount than was allowed in such policy ?

*Appeal from St. Louis Circuit Court.*

*Rankin & Hayden,* for Appellant.

I. The addition made by the court to the instruction in regard to the difference between the rule of evidence in civil and criminal cases, viz : "regard being had, however, to the serious nature of the charge in determining the preponderance or weight of evidence," was erroneous. (Marshall vs. Thames Fire Ins. Co., 43 Mo. 586.) Besides the addition was a comment on the evidence. It negatived the rest of the instruction.

II. The policy was avoided by subsequent insurance with no notification to defendant. The part of the policy containing these words does not appear in the bill of exceptions, but this is not necessary, since in the answer these words are set up *in hæc verba,* and the reply does not deny that they are correctly quoted from the policy.

Rothschild v. The American Central Ins. Co.

It is of vital importance to companies who do an extensive business, and have risks in distant states, that they should know what is going on that may affect their risks. All facts that may give rise to suspicion and thus be the means of self-protection, particularly so important a fact as that one of the co-companies in the risk had canceled its policy, and thus caused a new policy to be procured, the defendant had a right to have knowledge of, and to obtain such knowledge it inserts a special clause in the policy. (Burt vs. Peoples' M. F. Ins. Co., 2 Gray, 397; Hutchinson vs. The Western Ins. Co., 21 Mo., 97; Healy vs. I. F. Ins. Co., 5 Nev., 268; Merritt vs. N. Ins. Co., 18 Upper C., 529.)

*James O. Broadhead, with Broadhead & Overall,* for Respondent.

I. The terms of the policy, as set out in this record, show that insurance to the amount of $15,000.00 is allowed, but provide for no notice whatever in any case. The testimony shows further, that the amount of insurance never at any time exceeded $15,000.00, and was in fact at the time of the fire only $13.500.

II. The court in adding the amendment to the instruction evidently had in view this apparent common sense proposition, that "the serious nature of the charge" is an important fact in determining the "probability" of its truth.

HOUGH, Judge, delivered the opinion of the court.

This was an action on a policy of insurance issued on the 30th day of October, 1872, by which the defendant insured the plaintiff for one year from the first day of November, 1872, against loss or damage by fire to the amount of $2,500 on a certain stock of merchandise.

The defenses made were, that the fire was occasioned by the act, design, and procurement of the plaintiff; that the plaintiff was guilty of fraud in the statements and representations made to the company, on which he obtained said policy, and was further guilty of fraud and false swearing in the proofs

of loss made by him; and that, in violation of the conditions of his policy, the plaintiff obtained subsequent insurance on his stock, without notifying the defendant thereof and having the same indorsed on his policy, whereby the policy became void. The foregoing matters of defense were put in issue by the reply of the plaintiff. The loss occurred on January 5th, 1873.

By the terms of the policy a total insurance of $15,000 was allowed. On the same day on which the defendant issued its policy, the plaintiff took out insurance in five other companies, which, including the defendant's policy, amounted in the aggregate to $15,000. One of these policies was issued by the Amazon Insurance Company, and was for $3,000. Some time in the year 1872 this policy was canceled, and immediately thereafter, and before the fire, the plaintiff took out a policy for $1,500 in the Penn Fire Insurance Company. Of this the defendant had no notice whatever. The entire policy does not appear anywhere in the record, but it is admitted by the pleadings, that it was therein provided, that in case the insured, or his assignee, should, after the date of said policy, make any other insurance on said property, and should not with reasonable diligence give notice to the defendant and have the same indorsed on said policy, or otherwise acknowledged by said company in writing, then said policy should cease and be of no further effect, and that any subsequent insurance on said property should be notified to the defendant to the end that the same should be endorsed on said policy, in default whereof said policy should be of no effect.

The testimony relating to the origin of the fire was circumstantial and contradictory. Portions of it tended to establish the defense set up by the defendant; and on this issue the defendant asked the following instructions:

"The jury is instructed, that one of the questions submitted to them is, whether the fire originated by any act, design, or procurement on the part of the plaintiff, or through any evil practice done or suffered by his privity or with his consent.

In deciding this question, the jury must take into account every fact and incident connected with the fire and subsequent transactions, as detailed in evidence before them, and decide according to what they consider the most probable conclusion. The rule in civil cases, like the present, is different from what it is in criminal cases. In criminal cases the question is as to guilt or innocence of a crime, and there the jury must be satisfied that the offence was committed, beyond a reasonable doubt, by the person accused. In criminal cases, if any reasonable doubt remains in the minds of the jury, they are bound to give the accused the benefit of such doubt. But in civil questions like the present there is no question whether any crime has been commited. The question in this case is merely a question of greater or less probability, and the jury in order to find a verdict for the defendant need not be satisfied of the complicity of the plaintiff in the burning in any other way, or with any different degree of satisfaction, than if the question were an ordinary question in a civil case."

This instruction was refused, as asked, but the court gave it after affixing the following words: " regard being had, however, to the serious nature of the charge, in determining the preponderance or weight of evidence," to all which the defendant at the time excepted.

The following instruction was given by the court at the instance of the plaintiff, in regard to the insurance taken out by the plaintiff in the Penn Insurance Company after the defendant's policy was issued.

5. "The court instructs the jury, that by the terms of the policy of insurance sued on, the insured might have and keep any amount of insurance on the merchandise in his store mentioned in the policy, which he might choose to have thereon, not exceeding fifteen thousand dollars total insurance thereon, and if the jury find from the evidence, that there was not at any one time more than fifteen thousand dollars of insurance on said property, then defendant is not discharged from its liability as insurer on account of the amount of in-

surance which plaintiff had on said merchandise; and no notice to defendant of the insurance taken on said property was necessary, if the total insurance did not exceed fifteen thousand dollars."

The following instruction on the same subject was asked by the defendant, and was refused by the court:

"If the jury believe from the evidence, that it was by the policy provided and made one of the conditions thereof, that in case of subsequent insurance on the property insured by the defendant's company, notice thereof must be given to the company, to the end that such subsequent insurance might be endorsed on the policy or otherwise acknowledged in writing, and that in default thereof the policy should cease and be of no effect, and further believe, that at the time the policy was taken out there was $15,000 insurance on said insured property; which $15,000 insurance continued to exist some time after said policy was made out and delivered; and that afterwards, and before the fire, the plaintiff did, by or through his agent, take out another policy of $1500, insurance on the same stock of goods without notice thereof to defendant, then the plaintiff violated the conditions of the policy sued on, and cannot recover."

The action of the court below on the foregoing instructions has been assigned for error, and no other matter has been presented for review by the appellant in his argument here. There was a judgment for the plaintiff, which was affirmed at General Term, and defendant has appealed to this court. The instruction asked by the defendant defining the difference between the conclusiveness of the proof required to warrant the jury in finding a verdict against the defenant, in civil and in criminal cases, is couched in nearly the identical words employed in an instruction, which received the approval of this court, in the case of Marshall vs. Thames Fire Ins. Co. (43 Mo., 586.) In that case, as in the present, the defense was that the fire was the act of the insured, and the ruling there made was subsequently endorsed, both in the opinion of the court, and in the dissenting opinion in the

Rothschild v. The American Central Ins. Co.

case of Polston vs. See (54 Mo., 291). The object of the instruction in this case, as in the case first cited, was to inform the jury, that in passing upon the question whether the burning was the act of the plaintiff, they were not determining the guilt or innocence of the plaintiff of a criminal charge; and that, in order to find a verdict for the defendant, the law did not require them to be satisfied beyond a reasonable doubt, that the fire was designed and procured by the plaintiff, but only that they should be satisfied that the weight of evidence preponderated in favor of the conclusion that plaintiff did burn, or cause to be burned, the property insured, and that the reasonable probability of truth was in favor of such conclusion.

Now to tell the jury, that, in determining on which side the weight of evidence was, regard was to be had to the serious nature of the charge, was to inject into the case an element of criminality, which it was the chief purpose of the instruction, as asked, to eliminate therefrom, and which, following the case of Marshall vs. Ins. Co., *supra,* we think should have been excluded from the jury.

It was equivalent to saying to the jury, if you find a verdict for the defendant on this ground, you will thereby establish a serious charge against the plaintiff. It was calculated to impress them with the belief, that greater caution should be exercised by them and proof of a more conclusive character should be required, than in ordinary civil cases. The supplementary words in question are further objectionable in that they constitute a commentary upon the evidence. The nature of the charge would have been a subject of legitimate remark on the part of counsel in addressing the jury; but the court had no right, under the system of practice which now obtains in this State, to characterize any portion of the testimony as constituting a serious charge against the plaintiff. Beside, the question of the intent of the plaintiff in causing the burning was not involved in the case, and this as was remarked by Judge Adams in Polston vs. See, *supra,* may often be the case in suits on fire insurance policies.    For

error committed by the court in refusing the instruction as asked and in giving it as amended, the judgment must be reversed.

If the third instruction, asked by the defendant and refused by the court, was only intended to declare that the defendant was entitled to be notified of any subsequent insurance taken out by the plaintiff, which would make the aggregate insurance exceed $15,000, it was directed to an immaterial matter, and the court properly refused it, as there was no testimony on which to base it. But we apprehend the purpose was to express the converse of the proposition asserted in the fifth instruction given for the plaintiff, which was in effect, that no insurance, taken out by the plaintiff after the defendant issued its policy, could properly be termed subsequent insurance, within the meaning of the policy, if it did not make the aggregate amount of insurance exceed $15,000 ; and that as this $1,500 policy taken out in the Penn Ins. Co. was in lieu, or rather in partial substitution, of the policy for $3,000 canceled by the Amazon Co., making the whole amount of insurance at the time the last policy was taken out, and also at the time of the fire, only $13,500, the defendant was not entitled to any notice thereof. This is an important question, and we do not think it has received that attention in argument which its importance demands. There is not entire uniformity in the authorities which we have examined on this subject. It has been the policy of this court to strictly construe conditions of this character contained in fire policies, and to exact a strict compliance with them. (Hutchinson vs. The Western Ins. Co., 21 Mo., 101.)

Judge Story remarked in Carpenter vs. Prov. Ins. Co. (16 Pet., 510,) that the public have an interest in maintaining the validity of conditions in insurance policies, which may be complied with in all cases by ordinary good faith and ordinary diligence on the part of the insured. In the case of Brown vs. Cattaraugus Mut. Ins. Co., (18 N. Y., 385,) the policy provided, that the insured should give notice of any other insurance effected by him and have it indorsed thereon, and

for failure to do so, the policy should cease. It was there held, that the renewal by the same company of a prior insurance, which was made known when the policy sued on was issued, was not within the terms or spirit of the provision requiring notice in case of making other insurance. The First Baptist Society vs. Hillsborough Mut. Fire Ins. Co. (19 N. H., 580,) announces the same view and holds further, that taking out a policy in another company of which no notice is given, if it be in lieu of prior insurance, will not affect the rights of the insured. Healy vs. Imperial Fire Ins. Co., (5 Nev., 268) decides that no distinction is to be taken between a policy in renewal and an original policy, even in the same company ; and that a policy in renewal is a new contract and constitutes "other insurance" within the meaning of a policy requiring notice of such insurance.

In the case of Burt vs. People's Mut. F. Ins. Co. (2 Gray, 398,) it was held, that a policy procured as a renewal of a former policy, or as a substitute for it, is subsequent insurance. The foregoing references indicate the views of some of the courts of last resort in other States on this subject. We deem it best, however, as the entire policy is not before us, and as the clause, on which the instructions now under consideration are based, may be only the pleader's interpretation of the terms of the policy, and as there has not been full argument on the question, to reserve this point for decision hereafter, should it ever become necessary. The terms of the policy as pleaded require notice both of *any other insurance* and of *any subsequent insurance*, effected by the insured. There is no decision of this court directly upon the point. For reasons hereinbefore given, the judgment will be reversed and the cause remanded.

All the judges concur, except Judge Vories who is absent.