THE STATE ex rel. DETROIT FIRE & MARINE
INSURANCE COMPANY v. JAMES ELLISON
et al., Judges of Kansas City Court of Appeals.

In Banc, June 2, 1916.

1. **INSTRUCTION: Criminal Element in Civil Case.** In an action
on an insurance policy where the defense is that plaintiff set
or caused the fire in order to defraud the defendant, an instruc-
tion telling the jury that, in order to find for defendant on
that issue, they must look for proof of a more conclusive char-
acter than in ordinary civil cases, is erroneous.

2. ———: ———. **Circumstantial Evidence: Preponderance:
Inconsistent with Plaintiff's Innocence.** In a suit on policies
against an insurance company where the defense is that the
insured set the fire, an instruction telling the jury that to war-
rant a finding on circumstantial evidence that the plaintiff
burned or caused to be burned the property in question, "the
circumstances must be proved to your satisfaction by a pre-
ponderance of the evidence, and when the circumstances are
so established they must point to the said plaintiff and must
be inconsistent with any other reasonable hypothesis;" and
another instruction telling the jury that "the burden of prov-
ing by a greater weight of the believable evidence that
plaintiff did set the fire that burned said property is on de-
fendant; and you are further instructed that in civil suits
(like this one), just as in the trial of a person charged with
a crime, in a criminal case, the law presumes that the person
charged with the wilful burning of property is innocent and
the presumption continues until he is proven guilty by a
preponderance of the credible evidence in the case," intro-
duced a criminal element into a civil case, and in effect re-
quired the proof of the circumstances to be beyond a
reasonable doubt; and the Court of Appeals in holding said
instructions were not erroneous, failed to follow the last pre-
vious rulings of this court in Rothschild v. Insurance Company,
62 Mo. 356; Gay v. Gillilan, 92 Mo. 250; Edwards v. Knapp,
97 Mo. 432; Dakan v. Chase & Son Merc. Co., 197 Mo. 238; and
Smith v. Burrus, 106 l. c. 101. In civil cases the circum-
stances may be explicable on more than one reasonable hy-
pothesis, and the jury may choose the more reasonable one;
but in criminal cases the jury can act upon the hypothesis
of guilt only when it is the only reasonable one.

3. ——: ——: **Presumptions.** A presumption of law is not evidence, but, in a criminal case, is a conclusion which, in the absence of evidence upon the exact question, the law draws from other proof made or facts judiciall; noticed. Presumptions of fact include rebuttable or disputable presumptions of law, and despite such a presumption, the party upon whom it casts its burden in a civil case, makes out his case when he adduces evidence proving his allegation of fact, even though it charges a crime, to be more probably true than untrue. To say in an instruction in a case of a rebuttable presumption, after evidence has been introduced on the question, that "the law presumes" so and so and that such presumption "must be overcome" or "overthrown" by evidence, is sometimes useless, sometimes prejudicial and always illogical.

4. ——: **Presumption: Injecting Criminal Rule in Civil Case: Preponderance: Cured by Adversary's Instruction.** To instruct in a civil case in which the defense is arson which bars plaintiff's right to recover, that "in civil suits (like the present one), just as in the trial of a person charged with a crime, in a criminal case, the law presumes that the person charged with the wilful burning of property is innocent," is in contravention of the rule laid down in Rothschild v. Insurance Co., 62 Mo. 356, in that it is calculated to impress the jury with the belief that greater caution should be exercised by them and greater proof of a more conclusive character should be required to prove, in a civil case, facts constituting a crime than is required in ordinary civil cases; nor is the error cured by an added clause that "the presumption continues until he is proven guilty by a preponderance of the credible evidence in the case;" nor by the fact that the defendant asks an instruction in all respects the same as the instruction given in the Rothschild case less the last clause.

*Certiorari* to Kansas City Court of Appeals.

RECORD QUASHED.

*I. J. Ringolsky* and *Fyke & Snider* for relator.

(1) Relator contends that instruction No. 2 given for the plaintiff and approved by the Court of Appeals is erroneous and the opinion of the court in approving that instruction is in direct conflict with the opinions of this court in the following cases: Rodan v. Transit Co., 207 Mo. 392; Mockowik v. Railroad, 196 Mo. 571;

State v. Kennedy, 154 Mo. 268, and Morton v. Heidorn, 135 Mo. 608. (2) Relator contends that the opinion of the Court of Appeals in upholding instruction No. 3 given for the plaintiff is in direct conflict with the decisions of this court in the following cases: Rothschild v. Insurance Co., 62 Mo. 356; Edwards v. Knapp, 97 Mo. 439; Marshall v. Insurance Co., 43 Mo. 586; Smith v. Burrus, 106 Mo. 101; Dakan v. Chase & Son, 197 Mo. 238, and Gray v. Gillilan, 92 Mo. 250. (3) Relator further contends that instruction No. 3 given for the plaintiff is inconsistent with and in absolute conflict with instruction No. 8 given for defendant. Rothschild v. Insurance Co., 62 Mo. 356. It will be observed by the court that instruction No. 3 given for the plaintiff imposes upon the defendant, relator, the burden of proving beyond a reasonable doubt that Ben Weinberg burned, or caused to be burned, the property in question, whereas instruction No. 8 given for defendant advises the jury that a preponderance of the evidence establishing that fact is sufficient, and instruction No. 2 given for the plaintiff tells the jury that in civil suits just as in the trial of a person charged with a crime in a criminal case, the law presumes that the person charged is innocent. Such is not the rule in Missouri in civil cases; in all civil cases whether the commission of a crime be involved or not, the rule in this State is, that a preponderance of the evidence is sufficient to warrant a verdict against the party charged with the commission of the offense.

*Ed. E. Yates* and *Perry S. Rader* for respondents.

(1) The Court of Appeals had jurisdiction, on appeal, of the case of W. J. Rice et al. v. Detroit Fire & Marine Insurance Company, and its jurisdiction cannot be ousted by the fact that its opinion is erroneous, unless such error amounts to a failure to follow "the last previous rulings of the Supreme Court" and is

therefore a jurisdictional error. It is a constitutional court, and had power to "hear and determine" "the said cause" on appeal (Amendment of 1884, sec. 4; Constitution, art. 6, sec. 12), and having such jurisdiction, it had power to render a wrong opinion as well as a right one, except on the one point that its opinion must be in harmony with "the last previous rulings of the Supreme Court." State ex rel. v. Robertson, 264 Mo. 678; State ex rel. v. Smith, 173 Mo. 414. (2) Unless the opinion of the Court of Appeals is in conflict with "the last previous rulings of the Supreme Court" on some question of law arising therein, this court has no jurisdiction of this cause, has no authority to maintain its writ of *certiorari* and said writ should be quashed. Constitution, Amendment of 1884, sec. 6; State ex rel. v. Reynolds, 257 Mo. 20; State ex rel. v. Ellison, 263 Mo. 514; State ex rel. v. Robertson, 264 Mo. 668. (3) There is no conflict between the opinion of the Court of Appeals and "the last previous rulings of the Supreme Court:" Either in the approval of plaintiffs' instruction number 2. Cornelius v. Cornelius, 233 Mo. 36. Or in the approval of plaintiffs' instruction number 3. Fritz v. Railroad, 243 Mo. 77. (4) There is no conflict between the opinion of the Kansas City Court of Appeals in approving plaintiffs' instruction numbered two and the previous rulings of the Supreme Court. It never has been decided by this court, in a civil case to recover the amount of an insurance policy upon property destroyed by fire, where the defense was that the plaintiff "conspired and confederated together with other persons to cause said fire, and said fire was intentionally caused by" the said plaintiff "for the purpose of defrauding defendant," that "the person charged with the wilful burning of the property" is not presumed to be innocent, or that it is error to tell the jury that the person so charged is entitled to that presumption of innocence. The cases of Rodan v. Transit Co., 207 Mo. 392; Mockowik v. Railroad, 196

Mo. 571; State v. Kennedy, 154 Mo. 288, and Morton v. Heidorn, 135 Mo. 608, are cited as the cases with which the opinion of the Court of Appeals approving plaintiffs' instruction numbered two, is supposed to be in conflict. Not one of those cases, which are cited as "the last previous rulings of the Supreme Court" with which the opinion of the Court of Appeals is supposed to conflict, has any application whatever to this case. The three civil cases cited deal with a presumption of fact which the law allows to be indulged in the absence of evidence. Not one of them deals with a presumption of law. A presumption of fact is one thing; and a presumption of law is another. A presumption of fact is an inference of an unknown fact to be drawn from known or proven facts. Proof of the continuance of a fact may be presumed or drawn from proof of an existing fact; for instance, if a pedestrian, about to cross a street, is seen to stop and look and listen for an approaching street car, the law, in the absence of any evidence on the subject, will authorize an instruction telling the jury to presume that he continued to look and listen until the car struck him. Presumptions of law are "assumptions made by the law that a strong inference of fact is prima-facie correct, and will therefore sustain the burden of evidence, until conflicting facts on the point are shown." For instance, it is a presumption of law that the holder of a negotiable note is its owner; that a public officer will do his duty; that the possessor of recently stolen goods is the thief. Neither presumptions of fact nor such presumptions of law are conclusive. Neither is for the court. Both are for the jury, and both may be abolished by testimony. The difference is that no presumption of fact is indulged in the presence of proof going to establish or disprove the fact, for then the law does not permit the fact to be inferred from other facts; but a presumption of law adheres throughout the case, in the presence of proof or its absence, and is a matter always

for the jury's consideration.   16 Cyc. 1050 and 1073.
Cornelius v. Cornelius, 233 Mo. 1, holds that where the
law clothes a party to a suit with a presumption of law,
he is entitled on request to have the jury told that the
law so presumes.   (5)   In view of that case, the only
point that remains to be considered, under this division
of the assignment, is, does the law presume that a
plaintiff, suing on an insurance policy for loss by fire,
and charged with having "conspired and confederated
with other persons to cause said fire," and with having
"intentionally caused" said fire "for the purpose of
defrauding defendant," was innocent? 1st.   That such a
presumption does exist is overwhelmingly shown by
17 Cyc. 757; 22 Ency. Law (2 Ed.), p. 1282; Knope
v. Insurance Co., 74 N. W. (Wis.) 795; Monohaghan
v. Insurance Co., 18 N. W. (Mich.) 797; Decker v. In-
surance Co., 66 Me. 408; Thoreson v. Insurance Co.,
12 N. W. (Minn.) 154; Bank v. Insurance Co., 52
Pac. (Ore.) 1054; Sprague v. Dodge, 48 Ill. 144; Ins.
Co. v. Usaw, 4 Atl. (Pa.) 357; Bradish v. Bliss, 35 Vt.
326; Ellis v. Buzzell, 60 Me. 209; Wagoner v. Wagoner,
10 Atl. (Md.) 224; Lyon v. Fleahman, 30 Ohio St. 156.
The writer has been unable to find any decision of
this court holding that, in a suit on a fire insurance
policy, where the defense is that plaintiff intentionally
set the fire or caused it to be set for the purpose of
defrauding the insurance company, the plaintiff is not
entitled to the presumption that he is innocent of that
charge, or that he is not entitled to have the jury in-
structed that he is presumed to be innocent of that
charge.   Nor has defendant's counsel cited any such
case, in any of their briefs.   We are, therefore, justified
in concluding that there is no such case.   Therefore,
the opinion of the Court of Appeals could not be in
conflict with "the last previous rulings of the Supreme
Court" on the point, and hence this court has no juris-
diction on that ground.   2nd.   The charge that plain-
tiffs' second instruction injected a "criminal element"

into the case, is answered by Judge Ellison's opinion, wherein he says that when the instruction is read in connection with defendant's instruction number 8 (he inadvertently said number 7) all tendency of the instruction "to suggest that the same character of proof must be produced in a civil action as in a criminal prosecution" is lost. The plaintiffs' instruction is technically correct, according to all the authorities, many of which are cited in our brief in that court. If it was error it was so not because it was not technically accurate, and in harmony with the law, but only because at the worst it had a tendency to mislead the jury. But defendant's instruction absolutely removed that tendency. That instruction lugged in a "criminal element" more emphatically than did plaintiffs'. It specifically told the jury that "the rule in civil cases like the present is different from what it is in criminal cases." It went further and told the jury what is the rule in criminal cases, and what is the rule in civil cases. Plaintiffs' instruction simply told the jury that "in civil suits (like this one), just as in the trial of a person charged with crime in a criminal case, the law presumes that the person charged with the wilful burning of the property is innocent." So if either instruction injected a criminal element into the case, both did. The error was common to both sides, and for mutual and common error neither side can complain. Riggs v. Railroad, 216 Mo. 319; Smart v. Kansas City, 208 Mo. 204; Lange v. Railroad, 208 Mo. 475; Moore v. Board of Regents, 215 Mo. 705. Besides, we again invoke the rule that the holding of Judge Ellison that defendant's eighth instruction cured any wrongful tendency in plaintiffs' and prevented the jury from being misled, is not in conflict with the decisions of this court, for the point has never been decided by this court. It never has been held that these two instructions when read together constituted reversible error, nor has such point ever been discussed. (6) Instruction number 3

for plaintiffs is in harmony with the last previous rulings of the Supreme Court. Fritz v. Railroad, 243 Mo. 77. Defendant lodges only one objection to that instruction in this court, which is that it "imposes upon the defendant the burden of proving beyond a reasonable doubt that Ben Weinberg burned, or caused to be burned, the property in question." The instruction certainly does not expressly do that. It expressly requires the circumstances to be proved "by a preponderance of the evidence." It does not use the words "beyond a reasonable doubt." If defendant's charge that said instruction "imposes upon defendant the burden of proving beyond a reasonable doubt that Ben Weinberg burned, or caused to be burned, the property in question," is true, it can be true only on the theory that the words "inconsistent with any other reasonable hypothesis" have the same meaning as and are in every sense equivalent to "beyond a reasonable doubt." The propriety of the instruction number 3 has been settled by "the last previous rulings" of this court, in Fritz v. Railroad, 243 Mo. 62. This case is cited in our brief filed in the Court of Appeals, and it is therefore reasonable to suppose that that court had it in view when rendering its opinion. But even if the question were one of first impression in this State, it ought not to be held that an instruction which requires circumstances to be "inconsistent with any other reasonable hypothesis" means the same thing as an instruction which requires a defendant's guilt to be established "beyond a reasonable doubt." There is a wide distinction between requiring the "circumstances" to point to the said plaintiff and to be "inconsistent with any other reasonable hypothesis" and requiring the "guilt" of a defendant to be established "beyond a reasonable doubt." The requirements are not the same; circumstances are one thing, and guilt is another thing. Our third instruction required that "the circumstances must be proved to your satisfaction by the preponderance

of the evidence," and that the jury, in arriving at the preponderance of the evidence, must find that the circumstances pointed "to the said plaintiff" and were "inconsistent with any other reasonable hypothesis." So it is all-important to observe that the instruction required the circumstances to be established by a preponderance of the evidence and only required them to be "inconsistent with any other reasonable hypothesis." To believe defendant's explanation of the origin of the fire (its charge that Weinberg set it or procured it to be set) "beyond á reasonable doubt" was to be convinced to a moral certainty that such charge was true. Those words would have required the jury to search their hearts for an abiding conviction that defendant's charge was true. Such a conviction implies the exercise of reason, but it does not depend wholly upon logical deduction. It calls into activity the instinct of the juror's soul, its inherent love of truth, that intuitive faculty that forces the conclusion that the man is guilty. But "inconsistent with any other reasonable hypothesis" calls for the exercise of reason only; it appeals to his intellectual powers; it bespeaks logical deduction; it requires the placing of fact against fact, the balancing of circumstance against circumstance, and it therefore calls for the preponderance of the evidence.

BLAIR, J.—In the Jackson Circuit Court, Benjamin Weinberg and W. J. Rice recovered judgment against relator on a fire insurance policy. On appeal the Kansas City Court of Appeals affirmed that judgment, and our writ of *certiorari* is invoked to quash the record.

Rice was a creditor of Weinberg and his interest arose out of an assignment of the policy to him to secure his claim. The answer averred the fire causing the loss was of incendiary origin and that Weinberg was responsible, with others, therefor. There was evidence

tending to prove this averment and evidence tending to refute it and to show the defense was concocted.

Relator contends the Court of Appeals failed to follow the controlling decisions of this court in ruling upon assignments of error lodged in that court against the following instructions:

"2.   The court instructs the jury that one of the defenses set up by defendant in this case is the wilful burning of the insured property by the plaintiff, Benjamin Weinberg.   Now, upon this issue, the court instructs you that the burden of proving by the greater weight of the believable evidence that Benjamin Weinberg did in fact intentionally set or cause to be set the fire that burned said property, is on the defendant; and you are further instructed that in civil suits (like this one) just as in the trial of a person charged with a crime, in a criminal case, the law presumes that the person charged with the wilful burning of the property is innocent and the presumption continues until he is proven guilty by a preponderance of the credible evidence in the case.

"3.   The jury are instructed that to warrant a finding on circumstantial evidence in this case that plaintiff, Benjamin Weinberg, burned or caused to be burned the property in question, the circumstances must be proved to your satisfaction by a preponderance of the evidence, and when the circumstances are so established, they must point to the said plaintiff and must be inconsistent with any other reasonable hypothesis."

Relator contends these instructions imposed upon it the burden of making out its defense by a weight of evidence greater than a mere preponderance and thus violate the settled rule in civil cases and run counter to designated decisions of this court.

I.   The Court of Appeals held the evidence warranted an instruction on circumstantial evidence, and then held that instruction "3" was free from prejudicial error.

Relator contends the final clause of the instruction exacted evidence beyond a mere preponderance and that the holding to the contrary is in con-

**Instruction: Reasonable Hypothesis.** flict with Rothschild v. Insurance Co., 62 Mo. 356; Edwards v. Knapp, 97 Mo. 432; Marshall v. Insurance Co., 43 Mo. 586; Smith v. Burrus, 106 Mo. l. c. 101; Dakan v. Chase & Son Merc. Co., 197 Mo. 238; Gay v. Gillilan, 92 Mo. 250.

The instruction, in effect, requires proof, by a preponderance of the evidence, of the circumstances relied on to show Weinberg was guilty of arson and then requires that the circumstances so proved "must be inconsistent with any other reasonable hypothesis than that of his guilt."

In Rothschild v. Insurance Co., supra, in which the defense set up to the policy was, as in this case, arson, this court held it was error so to word an instruction as to impress the jury "with the belief that greater caution should be exercised by them and proof of a more conclusive character should be required" to prove, in a civil case, facts constituting a crime than was required in "ordinary civil cases." By this last was meant cases in which no criminal act was in issue. The Court of Appeals quoted this rule, but held, as stated, instruction "3" contained no prejudicial error.

In Gay v. Gillilan the question was presented. In that case the trial court had given an instruction on the issue of undue influence in procuring the execution of a will which instruction contained, among other things, this direction—"and in order to set aside the will of a person of the sufficient mental capacity aforesaid, on the ground of undue influence, it must be shown that the circumstances of its execution are inconsistent with any other hypothesis than such undue influence, which cannot be presumed but must be shown in connection with the will, and it devolves upon those contesting the will to show such undue influence by a preponderance of the testimony." The instruction was

held erroneous on several grounds. The court said the rule it laid down was more stringent than that applicable to criminal cases, but that even if the words "reasonable hypothesis" had been employed instead of "hypothesis" alone, yet the instruction would have been erroneous.

Instruction 3 introduces into this case the rule of the criminal law. Proof of circumstances which exclude every "other reasonable hypothesis" makes out the proof beyond a reasonable doubt. This appears from the language itself. If, on the facts, the *only reasonable* hypothesis is that one charged with crime is guilty, obviously there is no reasonable doubt of his guilt. A given set of circumstances reasonably may be explicable on more than one reasonable hypothesis. In a criminal case the jury is not at liberty to take either of two equally reasonable hypotheses and find the defendant guilty. Neither may it find him guilty upon an hypothesis more probably true than another which yet is reasonable. It can act upon the hypothesis of guilt only when that is the *only* reasonable one. In a civil case the jury may, as between two or more hypotheses, choose the more reasonable and find against the less reasonable one which may accord with innocence.

The approval of this instruction by the Court of Appeals brought its opinion into conflict with the decisions cited and the principle they announce and necessitates the quashal of the record brought here by our writ.

The decision of this court in Fritz v. Railroad, 243 Mo. l. c. 77, 78, is not in conflict with that conclusion. In that case the burden was upon plaintiff to prove that one of defendant's locomotives communicated the fire which caused the loss of which the petition complained. This proof plaintiff sought to make by circumstantial evidence. The court quoted several definitions of circumstantial evidence which support the idea that "the

force and effect of circumstantial evidence depend upon its incompatibility with, and incapability of, explanation or solution upon any other supposition than that of the truth of the fact which it is adduced to prove." The court stated its own view to be that "in cases turning on circumstantial evidence, the proof *should have a tendency* to exclude any other reasonable conclusion than the principal fact." It held the evidence in that case had no such tendency and, in effect, that the circumstances proved supported no reasonable theory that could render defendant liable. Running through the opinion is also a tacit recognition of the rule that in case the evidence tends to prove two causes of loss or injury, for one of which defendant is responsible, and for one of which he is not, the burden is upon plaintiff to adduce evidence tending to show it to be more probable that the loss or injury resulted from the cause for which defendant is liable. We do not think the opinion can be understood to mean that under no circumstances can circumstances proved be said to be explicable, for the practical purposes of a law suit, on more than one reasonable hypothesis. That this is not the doctrine of this court is implied by the language of all instructions in criminal cases on circumstantial evidence requiring that it exclude every *other* reasonable hypothesis save that of defendant's guilt. The Fritz case is not opposed to the conclusion reached.

II. In passing upon instruction "2," the Court of Appeals (citing the decisions in Edwards v. Knapp & Co., 97 Mo. 432; Smith v. Burrus, 106 Mo. 1. c. 101; and Rothschild v. Ins. Co., 62 Mo. 360 et seq.) held that **Presumptions.** "in civil cases involving a charge of crime, the rule in this State is that the rights of the parties are to be determined by a preponderance of the evidence, while in a criminal prosecution the crime must be proved beyond a reasonable doubt." It further held that "instructions are to be

condemned as prejudicial which directly or indirectly suggest to the jury that the measure of proof required to establish the existence of a crime in issue in a civil case is affected by the criminal nature of the act under investigation," following Rothschild v. Insurance Co., supra. It pointed out that in that case this court condemned an instruction because it was held "calculated to impress the jury with the belief that greater caution should be exercised by them and proof of a more conclusive character should be required than in ordinary civil cases." The instruction held erroneous in the Rothschild case, in which case the defense set up to the policy was the same as in this, was like that approved in Marshall v. Insurance Co., 43 Mo. 586, except that the trial court added to the statement of the rule as to the requisite weight of evidence in such cases the clause "regard being had, however, to the serious nature of the charge, in determining the preponderance or weight of the evidence." This added clause this court held vitiated that instruction.

Discussing instruction "2" involved here, after quoting the rule and authorities mentioned above, the Court of Appeals in this case said: "The instruction under consideration came perilously near the line of error marked out in the cited case (Rothschild v. Ins. Co.) in saying that the presumption of innocence in a civil case is the same as that in a criminal case, not, however, because the definition is inaccurate, but that for the saving clause we shall note, it would have been calculated to induce the belief that the same degree of proof was required as in a criminal prosecution for the same offense." The court then held that the presumption of innocence applied with equal force, whatever the character of the proceeding in which an alleged crime is brought under judicial investigation but held that, with respect to the presumption, "the difference between the two kinds of actions" (civil and criminal) "is that in a criminal proceeding the

presumption must be overcome beyond a reasonable doubt, while in a civil suit it may be overcome by a preponderance or mere weight of evidence. This the jury were clearly told in the concluding clause, 'the presumption continues until he is proven guilty by a preponderance of the credible evidence in the case.' We must assume the jury were men of common sense and ordinary understanding and if they were, we do not see how they could have been misled by the instruction into the belief that defendant had a greater burden than the law imposed upon it.''

A rehearing was granted and the cause re-argued, and the Court of Appeals handed down a supplementary opinion in which it said the re-argument left it ''convinced of the correctness of the opinion delivered at the first hearing.'' This opinion then proceeded: ''There, perhaps, should have been omitted from plaintiff's instruction 2, set out in the original opinion, the following words: 'just as in the trial of a person charged with crime in a criminal case.' If, standing alone, those words would have a tendency to suggest to the jury that the same character of proof must be produced in a civil action as in a criminal prosecution, thereby coming within the case of Rothschild v. Ins. Co., 62 Mo. l. c. 359, that tendency is lost when the instruction is read in connection with defendant's number 7. For in that instruction defendant itself has the court to bring to the jury's attention the difference between a civil and a criminal action and instructing them that while in a criminal action there must be evidence to convince beyond a reasonable doubt, such rule did not obtain in a civil action and explaining the difference in requisite of proof in the two classes of cases. The instruction is taken bodily from that given in the Rothschild case, save the last clause, added by the circuit court and condemned by the Supreme Court. When the two instructions are read together, there can be no reasonable ground for the suggestion that the jury was

misled. If it was improper for plaintiff to have referred, at all, to a criminal case, it was an impropriety adopted and joined in by defendant; a fault condoned."

Relator contends the opinion of the Court of Appeals, in so far as it approves instruction "2," is in conflict with Rodan v. Transit Co., 207 Mo. 392; Mockowik v. Railroad, 196 Mo. 571; State v. Kennedy, 154 Mo. 268, 288; and Morton v. Heidorn, 135 Mo. 608.

(a) In Morton v. Heidorn, this court condemned an instruction which told the jury that a will executed and published by one of sound mind was "presumed to be his free and voluntary act, and you cannot in such case find against said will on the ground of undue influence, unless the charge of undue influence has been proven to your satisfaction by a preponderance of the evidence." It was held that the use, without explanation, of the words "preponderance of the evidence" was not necessarily erroneous, but that their use in connection with the words "proven to your satisfaction" and the direction as to the asserted presumption, would lead the jury to infer naturally that the "preponderance of the evidence must be such as to overcome the presumption which the court declared to exist as a matter of law." The opinion proceeds: "That declaration is not entirely correct. When the cause was submitted to the jury, there was no presumption of the law that the document was testator's 'free and voluntary act.' There was evidence before them which all the parties and the court alike interpreted as tending to prove undue influence. Both adversary parties asked and obtained instructions on that theory. In that state of the case it was not proper to give proponents of the will the benefit of a so-called presumption which is merely one of fact, applied in the absence of any evidence permitting a different inference."

The Mockowik and Rodan cases apply a like rule to efforts to rely upon the presumption of ordinary care on the part of injured persons when there is evi-

dence tending to prove the actual facts respecting that matter. Our reports contain numerous decisions upon this question, and the rule approved in Morton v. Heidorn often has been applied.

Counsel for respondent, however, contend this principle applies only to what are termed "presumptions of fact" and not to "presumptions of law;"• that the presumption of innocence is one of law and therefore outside the rule. Frequently, in applying the rule, this court has, as in Morton v. Heidorn, pointed out that the "presumption" under consideration was a "presumption of fact." In other decisions it is stated the presumption is "disputable" or "rebuttable," as appears from cases cited in Morton v. Heidorn and cases they cite. In Ham v. Barret, 28 Mo. 388, this court, however, held the rule applicable to all presumptions of fact and held that all rebuttable presumptions are presumptions of fact. It thereby included under the head of presumptions of fact what this court now more frequently denominates rebuttable or disputable presumptions of law. With this understanding of the difference in terminology, now and then, that decision is authority against respondent's present position that the rule relator relies upon is inapplicable to a rebuttable presumption of law, as this court employs those terms in its classification of presumptions.

The doctrine written in Cornelius v. Cornelius, 233 Mo. l. c. 36 et seq., directly supports respondent's contention on this point. No judge concurred in that opinion in such manner that his concurrence necessarily included his agreement to the proposition that it was reversible error to refuse to tell the jury there was a presumption in that case against malice. What was said of that case in Knapp v. Knapp, 183 S. W. 576, did not have reference to any question whether the presumption should be stated in instructions. It must be confessed, however, that in numerous instances this court has approved instructions, despite the presence

of evidence on the point, instructing juries that the law presumed this or that when the presumption was what we call one of law; though rebuttable. It is also true that there are many decisions (see briefs) in other jurisdictions holding it necessary that the jury be instructed as to the presumption of innocence in civil cases in which crime is in issue.

In these circumstances, if this court cannot, in a case like this, review on *certiorari* any holding not in conflict with our own decisions, it cannot be held the Court of Appeals erred in approving that portion of instruction 2 which merely told the jury there was a presumption of innocence of crime even in a civil case.

(b)    The rule laid down in Morton v. Heidorn, supra, ought not, in the writer's opinion, to be restricted to ''presumptions of fact.''

The presumption of innocence is not in itself evidence, as this court in effect held in State v. Kennedy, supra, when it refused to follow United States v. Coffin, 156 U. S. 433, wherein that presumption was held to be evidence for defendant and a failure to declare the presumption to the jury was, on that ground, held reversible error. The Coffin case frequently has been criticised, and even the court which rendered it seems to have receded, in part at least, from the position it took therein. The propriety, affirmed in State v. Kennedy, supra, of instructing on the presumption of innocence in a criminal case, therefore, depends upon something besides evidentiary force in the presumption itself. This may be said to be the law's anxiety to present the defendant, in such cases, to the trial jury in such manner that he shall not be handicapped by the inference which might arise from his arrest, commitment, indictment, etc. This reason is, obviously, inapplicable to an ordinary civil case, even though the commission of crime is in issue. In such case the presumption of innocence places the burden of proof upon the party alleging a crime was committed, and, in the absence of

evidence of its commission, warrants a direction of a verdict against the charge of crime. That is usually and logically the sole effect of rebuttable presumptions of law, which generally may be defined as conclusions which, in the absence of evidence upon the exact question, the law draws from other proof made or from facts judically noticed or both. The burden of proof cast by such presumptions is satisfied by the adduction of evidence sufficient to convince the jury that the probabilities of truth are against the party whom the presumption relieves of the burden of proof. The presumption itself is not evidence. It is not a thing to be "overcome" by evidence in the sense that it, of itself, adds anything to the strength of the evidence of the party invoking it. Despite the presumption, the party upon whom it casts the burden in a civil case makes out his case when he adduces evidence proving his allegation of fact to be more probably true than is the contrary. In argument the facts giving rise to the presumption may be invoked and the legitimate inferences from them employed to convince the jury the evidence offered by the party having the burden of proof does not establish the fact he contends is true. To say, however, in an instruction to a jury, in the case of a rebuttable presumption, and when evidence has been introduced upon the question, that "the law presumes" so and so and that such presumption "must be overcome" or "overthrown" by evidence, is sometimes useless, sometimes prejudicial and always illogical. As suggested under (a) there are Missouri decisions not in accord with this conclusion.

(c) In any event, however, to instruct in a civil case, in which the defense is arson, that "in civil suits (like this one), *just as in the trial of a person charged with crime,* in a criminal case, the law presumes that the person charged with the wilful burning of the property is innocent" is in contravention of the rule laid

down in the Rothschild case, cited above. The added clause that "the presumption continues until he is proven guilty by a preponderance of the credible evidence in the case" does not, for the reasons given in the Rothschild case and in Gay v. Gillilan, supra, cure the error. Nor was the error either invited or condoned by instruction 8 given at defendant's request. This was the instruction referred to as "Instruction 7" in the opinion of the Court of Appeals on rehearing. As stated in that opinion, it is taken bodily, less the added clause this court held erroneous, from Rothschild v. Ins. Co., 62 Mo. l. c. 358, 359. That instruction did not mention the presumption of innocence. It was designed to inform the jury as to the difference in the weight of evidence requisite to convict in a criminal case and to warrant a verdict in a civil case. Among other things, it specifically told the jury that "in civil questions like the present there is no question whether any crime has been committed. The question in this case is merely a question of greater or less probability, and the jury in order to find a verdict for the defendant need not be satisfied of the complicity of the plaintiff in the burning in any other way, or with any different degree of satisfaction than if the question were an ordinary question in a civil case."

That instruction constituted no invitation to the court so to instruct as to impress the jury that, in order to find for defendant on the issue of arson, they must look for "proof of a more conclusive character . . . than in ordinary civil cases." This is what we think the court did by giving instruction 2 for plaintiff.

The record of the Court of Appeals is quashed. All concur, except *Bond, J.,* who dissents.