Nigel L. NEVE and Mary Lois Neve, Plaintiffs-Respondents,

v.

RELIANCE INSURANCE COMPANY OF PHILADELPHIA, Defendant-Appellant.

No. 23487.

Kansas City Court of Appeals. Missouri.

April 2, 1962.

George W. Meyer and Rogert W. Penner, Kansas City, for appellant.

Robert L. Shirkey, Kansas City, for respondents.

HUNTER, Presiding Judge.

This is an action on a fire insurance policy issued in the State of Kansas on property located in Johnson County, Kansas. Plaintiffs-respondents, Nigel L. Neve and Mary Lois Neve, husband and wife, and residents of Kansas sued to recover for damages to their basement type house and contents resulting from explosion and fire on December 17, 1954. The agreed upon amount of the loss was $3,250.

The defense asserted by defendant-appellant, Reliance Insurance Company of Philadelphia, was that Nigel L. Neve intentionally caused the explosion and fire to occur in order to collect the insurance money in question.

In view of what we believe is the necessary disposition of this appeal a brief statement of the evidence is sufficient.

On the day of the fire Mrs. Neve left for work about 7:30 a.m. The two daughters left at 8:30 a.m. to go to school. Mr. Neve was alone in the house from then until he left it prior to the explosion.

The Chief of Police of Merriam, Kansas, happened to be in his car on the street near the house when the explosion and fire occurred. At once on his two-way radio he called the Police Dispatcher who immediately called the nearby fire department. Records of the fire chief showed this call was received at 3:48 p.m.; that the fire truck and crew left the fire station at 3:50 p.m. and arrived at the scene of the fire at 3:51 p.m. The only door to the premises was locked and the firemen broke it down.

The fire was extinguished within a matter of minutes. An immediate inspection disclosed that the core of the gas cock (valve) in the main gas line to the circulating heater in the center of the house was lying on the floor and the gas cock was in an upside down position. As a result of the core being out of the gas cock a free flow of gas escaped into the premises. There was evidence that this gas filled the premises until ignited by a pilot light on a stove and that this took only a few minutes to occur.

Nigel Neve, was an experienced machinist and thoroughly understood the operation of the gas cock in question. Numerous witnesses on behalf of defendant testified that to remove the core from the gas cock required first the removal of a nut and washer. They stated the only way to account for the absence of the core would be for somebody to have intentionally removed it. They also testified that they had never known a gas cock like this to be installed upside down, but it could be turned upside down with a tool. Mr. Neve was asked, "Q. Now then, if this (gas cock) is installed with this washer on and with the nut on in position, would it be possible for this valve core to get out of there unless somebody took it out on purpose? A. No way that I know of." There was also evidence to the effect the gas cock in question had been properly installed.

The defendant adduced additional evidence which it contended had the effect of making a very strong circumstantial case that Mr. Neve had intentionally caused the explosion and fire. The import of this evidence was: (1) There was but one way to get in and out of the house and that was through the basement door which Mr. Neve locked when he left that afternoon and which the firemen had to break down to enter the premises. (2) Neve was the last person known to be in the premises and the last to leave before the explosion and fire. (3) Contrary to the usual practice Mr. Neve just before 4:00 o'clock unexpectedly appeared at the school his daughters attended and took them with him; otherwise, they at the close of the school day would have walked the three or four blocks home. (4) It would take Mr. Neve, or anyone, only about a minute to drive from the Neve house to the school (while waiting at the school Mr. Neve heard the fire department go by). (5) About one and one-half months

before the fire Mr. Neve increased his insurance from $2,000 to $6,000 on both the house and its contents. (6) Plaintiffs were short of money and Mr. Neve had been out of work a substantial period of time. (7) Mr. Neve, before leaving the house on the afternoon of the explosion took with him his strongbox containing his insurance policy, some deeds and an abstract, his two dogs, his watchmaking tools, a valuable accordion, and a small stock of watches.

Mr. Neve testified that he had nothing to do with the explosion and fire, and did not cause them. He undertook in some detail to explain why he had picked up his daughters and had possession of the above mentioned items that afternoon.

At the close of the evidence and at plaintiff's request, the following instruction was given by the trial court:

"Instruction No. 3

"You are instructed that one of the defenses of Reliance Insurance Company of Philadelphia is that plaintiff Nigel Neve deliberately caused the fire and explosion in his residence on December 17, 1954. In this connection you are instructed that there is a natural presumption of innocence which exists where an act of this nature is charged and you have a right to consider the improbability that one will commit an act of criminal nature as an element necessarily involved. You may consider this as you should consider every material matter involved in the case, and after viewing the whole case, the verdict should be in accordance with the testimony and proof."

Defendant contends the instruction contains a procedural presumption, evidentiary in nature, and that its propriety must be tested by the procedural laws of the forum (Missouri). Defendant assigns the giving of this instruction as reversible error for the reasons: (1) This, as any rebuttable presumption, takes flight upon the introduction of evidence, however slight; and

where evidence has been introduced to rebut the presumption, the giving of an instruction as to its existence is reversible error. (2) An instruction as to a presumption of evidence and improbability that one will commit an act of a criminal nature injects criminality into the case, and to so instruct is reversible error.

Plaintiff's response is that Instruction No. 3 has the full sanction and approval of the Supreme Court of Kansas in Wallace v. Fidelity Phoenix Fire Insurance Company, 135 Kan. 133, 9 P.2d 621, having been adopted from the case of First National Bank of Portland v. Commercial Union Assurance Company, 33 Or. 43, 52 P. 1050. Plaintiffs also refer to defendant's answer which reads in part: "11. Defendant states that the interpretation and construction of this policy shall be governed by the laws of the State of Kansas * * *." Further, that Kansas law was followed even to the extent that attorneys' fees were assessed in accordance with Kansas procedure (fixed and allowed by the court). Hence, say plaintiffs, Kansas law applies in determining whether or not Instruction No. 3 is a proper instruction, and that it is a proper instruction.

■■ The well established general rule is that the law of the forum (Missouri) controls as to procedure and as to all procedural questions. Absent something binding to the contrary, a litigant is not entitled to insist upon the trial of his rights or defense under the procedural laws of a sister state rather than under the procedural laws of the forum state. Lynde v. Western & Southern Life Ins. Co., Mo.App., 293 S.W.2d 147, 150.

■ There is nothing in the record to support plaintiff's suggestion that the parties had agreed the case was to be tried in accordance with the *procedural* law of the State of Kansas. The interpretation and construction of a contract is determined by *substantive* law. It is the accepted general rule that an admittedly Kansas contract is

to be interpreted and construed in accordance with the substantive law of the State of Kansas. Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S.W. 889; Ashburn v. Sun Life Assur. Co. of Canada, Mo.App., 197 S.W.2d 694(2); Rosenthal-Sloan Millinery Co. v. Hanover Fire Ins. Co., Mo.App., 219 S.W. 669.

■ The statement in defendant's answer that the interpretation and construction of this policy shall be governed by the laws of the State of Kansas is not tantamount to an agreement by the parties that when the case is tried in a Missouri court Kansas procedural laws shall govern. Nor is defendant's failure to object to the court, rather than the jury, setting the attorneys' fee sufficient evidence of an agreement of the parties that the entire case was to be tried in accordance with the procedural laws of the State of Kansas rather than the procedural laws of the forum.

■ As with most questions the rule of law is clear and it is only its application that is sometimes difficult. It is occasionally difficult to ascertain whether a particular matter relates to remedy or to a substantive right. It is the court at the forum which determines according to its own conflict of laws rule whether a given question is one of substance or procedure. Hopkins v. Kurn, 351 Mo. 41, 171 S.W.2d 625; Restatement, Conflict of Laws, Sec. 584(b).

■■ The Missouri rule is as stated in Martinez v. Missouri Pac. R. R. Co., Mo. Sup., 327 S.W.2d 855, " * * * the law of the forum governs all matters falling within the description of burden of proof, including the sufficiency of the evidence and the burden of going forward with the evidence; and, also, * * * the law of the forum governs presumptions and inferences to be drawn from evidence. Restatement, Conflict of Laws, Sec. 595, p. 710." See, Meredith v. Terminal R. R. Ass'n of St. Louis, Mo.App., 257 S.W.2d 221, 225 (9-10); Lukas v. Hays, Mo.Sup., 283 S.W.2d 561, 565(7). This accords with

the principle that the rule of comity extends to substantive rights and does not in general apply to remedies.

■ We believe it clear and we rule that the question of the propriety of giving a rebuttable presumption of innocence instruction in a civil case such as this, is a procedural question, to be determined by this court in accordance with the law of the State of Missouri. Cf., Gibson v. Metropolitan Life Ins. Co., Mo.App., 147 S.W.2d 193, 198(7).

Numerous Missouri cases have held that the giving of a rebuttable presumption instruction in a civil case is prejudicial error. See, Bailey v. Bailey, Mo.Sup., 11 S.W.2d 1026; Lampe v. Franklin American Trust Co., 339 Mo. 361, 96 S.W.2d 710, 107 A. L.R. 465; Dove v. Atchison, T. & S. F. Ry. Co., 349 Mo. 798, 163 S.W.2d 548; McCune v. Daniels, Mo.App., 251 S.W. 458; Swoboda v. Nowak, 213 Mo.App. 452, 255 S.W. 1079; Gibson v. Metropolitan Life Ins. Co., Mo. App., 147 S.W.2d 193; State ex rel. Nelson v. Hammett, 240 Mo. App. 307, 203 S.W.2d 115; Detrich v. Mercantile Trust Co., Mo.Sup., 292 S.W.2d 300.

In Gibson v. Metropolitan Life Ins. Co., Mo.App., 147 S.W.2d 193, 198, where the questioned instruction told the jury, "after the first premium was paid, * * * the law presumes that every condition in said policy to keep it in force is complied with by the insured. * * *" the court ruled: "Even if this were a case for the application of the presumption mentioned, it would be erroneous to instruct the jury with reference to it. At most it is merely a procedural presumption, and when evidence is introduced pro and con upon the issue, the case should go to the jury upon the evidence unaided by any reference to the presumption."

The instruction in Swoboda v. Nowak, 213 Mo.App. 452, 255 S.W. 1079, 1083, read: "The court instructs the jury that the law presumes the note sued on was given for lawful purpose, and it devolves

on defendants to show by the preponderance of the evidence that it was given for an unlawful purpose, before they are entitled to a verdict in this case." The court went on to say: "The attack upon this instruction is that when evidence had been adduced, pro and con, as to the character of the consideration for the note as shown above, then any presumption of a valid and lawful consideration disappeared from the case; and that it was error to refer to such presumption in submitting the case to the jury. This argument is indeed sound. In so far as any presumption of this character existed in favor of this note, it could operate merely by way of coming to plaintiff's aid to make a prima facie case. When the facts all came in before the jury, such presumption had no further procedural purpose to serve, and it was error to throw the same into the scales in favor of plaintiff in submitting the case to the jury."

In State v. Martin, 364 Mo. 258, 260 S.W.2d 536, 541, our Supreme Court stated, "In civil cases we hold that a presumption is a rule of law (unless it is a conclusive presumption, i. e., a rule of substantive law) which puts the burden of producing some substantial evidence on the party presumed against; that when substantial evidence, however slight, is adduced by the opponent, the presumption disappears and the triers of fact receive the issue free of any presumption; that while the facts giving rise to the presumption in the first place remain in the case, those facts and those to the contrary are for the jury. Michler v. Krey Packing Co., [363] Mo. [707] Sup., 253 S.W.2d 136, 139 [1–4]. And in civil cases we condemn instructions as confusing and misleading which tell the jury what is 'presumed'. And hold that presumptions are for the court, not the jury."

In State ex rel. Detroit Fire & Marine Ins. Co. v. Ellison, 268 Mo. 239, 187 S.W. 23, the Supreme Court, en Banc, considered an instruction which read in part: "And you are further instructed that in civil suits (like this one), just as in the trial of a person charged with a crime in a criminal case, the law presumes that the person charged with the willful burning of the property is innocent, and the presumption continues until he is proven guilty by a preponderance of the credible evidence in the case." The court held this to be an improper instruction tending to bring criminality into the case and to confuse the jury as to the proper burden of proof in a civil case, citing with approval Rothschild v. American Cent. Insurance Co., 62 Mo. 356.

In the Rothschild case, supra, the instruction on burden of proof after advising the jury of the difference between the burden of proof in a civil case and in a criminal case concluded, "regard being had, however, to the serious nature of the charge, in determining the preponderance of weight of evidence." In holding the instruction to be erroneous, the court said: "Now to tell the jury, that, in determining on which side the weight of evidence was, regard was to be had to the serious nature of the charge, was to inject into the case an element of criminality * * * and which * * * we think should have been excluded from the jury. It was equivalent to saying to the jury, if you find a verdict for the defendant on this ground, you will thereby establish a serious charge against the plaintiff. It was calculated to impress them with the belief, that greater caution should be exercised by them and proof of a more serious conclusive character be required, than in ordinary civil cases. The supplementary words in question are further objectionable in that they constitute a (judicial) commentary upon the evidence."

■ In accordance with the reasoning contained in the above mentioned authorities, it is our conclusion and ruling that the giving of Instruction No. 3 was prejudicially erroneous and necessitates a new trial as to the issue of liability. There was no issue as to the amount of damage to be paid if liability under the policy is established, and there was no preserved error concerning the determination of the amount of the attorneys' fee.

While other contentions of error have been made it is unnecessary to consider them. They are not likely to recur on a new trial in view of the research of counsel attendant this appeal.

The judgment is reversed and the cause is remanded for a new trial on the issue of liability only.

It is so ordered.

All concur.