CHARLES C. ROSS, Appellant, v. FLORENCE ROSS PENDERGAST and LUCILLE ROSS HAMILTON, Executrices of the Estate of MICHAEL ROSS, Deceased.—No. 38888.—182 S. W. (2d) 307.

Division Two, September 5, 1944.

*James Daleo, Robert M. Zehring* and *Bowersock, Fizzell & Rhodes* for appellant.

302

*Lawrence R. Brown* and *Paul R. Stinson* for respondents; *Ryland, Stinson, Mag & Thomson* of counsel.

WESTHUES, C.—This is a suit in replevin wherein plaintiff seeks to obtain possession of an envelope containing $14,500 in currency found in a safe deposit box of Michael Ross after his death. A trial before a jury resulted in a verdict for the defendants, executrices of the estate of Michael Ross. Plaintiff appealed from the judgment entered.

All parties concerned were children of Michael Ross who died testate in Jackson county, Missouri, leaving a large estate. By his will he devised his property share and share alike among his ten children. In a safe deposit box over which Michael Ross had exclusive control fourteen envelopes were found containing currency and bonds. These envelopes contained various amounts of money ranging from $2500 to $18,000. Each envelope bore the name of one of the children, except one containing $100,000 in currency on which appeared the name of the deceased. An envelope bearing the name of plaintiff, which is the bone of contention in this lawsuit, contained $14,500. Two envelopes, marked Lucille Hamilton, one of the executrices, contained a total of $20,725.50. Another envelope bearing the name of the other executrix, Florence Pendergast, contained $15,000 in United States bonds. The only child for whom there was no envelope was Neal Ross. When these envelopes were discovered the executrices advised with attorneys and it was decided that the contents should be inventoried as part of the estate, which was done. Later plaintiff filed this suit claiming that the contents of the envelope bearing his name was his property.

The only points briefed by appellant pertain to instructions given by the trial court. We therefore need not review the evidence in detail. Plaintiff claimed that the $14,500 was his property and that his father had been keeping it for him. He contends on this appeal that that was the theory on which he tried the case below, and therefore instruction ''C'', given on behalf of the defendant on the theory that

the money was intended to be a gift from his father, was erroneous. Plaintiff's instruction, however, was broad enough to authorize a jury to find for him on the theory that the money was his property by reason of being a gift. Note plaintiff's instruction:

"The Court instructs the jury that if you believe and find from the evidence that the defendants, Florence Ross Pendergast and Lucille Ross Hamilton, were appointed the Executrices of the Estate of Michael Ross, deceased, by the Probate Court of Jackson County, Missouri, at Kansas City, prior to the institution of this suit and are still such Executrices, and

"If you further believe and find from the evidence that said defendants, as such Executrices, prior to the institution of this suit took into their possession the envelope and its contents sought to be recovered in this suit, if you so find, and

"If you further believe and find from the evidence that said envelope and its contents at the time they were taken into possession by the defendants and at the time of the institution of this suit were the property of the plaintiff and that at the time of the institution of this suit the plaintiff was entitled to the possession of said envelope and its contents, if you so find, and

"If you further believe and find from the evidence that at the time of the institution of this suit the defendants, without plaintiff's consent, retained possession of said envelope and its contents and at all times since the institution of this suit have failed and refused to deliver the same to plaintiff, if you so find,

"Then, your verdict should be for the plaintiff and against the defendants."

The petition filed by plaintiff was also broad enough to embody the theory of a gift. The jury, unless otherwise specifically instructed, might have concluded that the envelope belonged to plaintiff because it bore his name and was intended to be a gift. Instruction "C" withdrew this issue from the jury's consideration. It is obvious that plaintiff's point urging the instruction to be erroneous because it broadened the issue and injected a foreign issue in the case is without merit.

 Instruction "D" was alleged to be erroneous because it submitted to the jury a legal presumption in favor of the defendants and imposed on plaintiff the burden to rebut such presumption. The instruction reads as follows:

"The Court instructs the jury that the evidence is without dispute that the $14,500 in the envelope claimed by plaintiff was in the exclusive possession of the late Michael Ross, plaintiff's father, at the date of his death. You are therefore, charged that the legal presumption is that this money belonged to Michael Ross and not to the plaintiff; and the burden rests upon the plaintiff to overcome this

presumption by evidence satisfying the minds of the jury that he and not Michael Ross was the owner thereof.''

It is well settled law that exclusive possession and control over property are circumstances that raise a presumption of ownership in the possessor and anyone else claiming the property has the burden of proof. Appellant says that this duty casts on him the burden to prove his case by a preponderance of the evidence and nothing more; that the instruction was erroneous because it told the jury about the presumption and that to overcome it the plaintiff was required to produce evidence which satisfied the jury that the property was plaintiff's. On the question of instructing a jury as to presumptions, 64 C. J. 577, sec. 508, has the following to say:

''The court must not state as a presumption of law that which is a matter for the jury's determination, and a requested instruction of that nature is properly refused; and so it must not state the strength of a presumption of fact and the amount of proof necessary to overcome it. It has been held that any charge as to a presumption arising from a given state of facts, unless in those cases in which the law raises a conclusive presumption, is a charge on the weight of evidence. When circumstances in evidence permit the jury to draw an adverse inference to the presumption, it is error for the court to instruct that a presumption exists 'in the absence of rebutting circumstances.' Where a presumption might arise, it is erroneous to instruct that no presumption exists. Stating as a presumption that which is merely a matter of inference is error.''

In State ex rel. Detroit Fire & Marine Ins. Co. v. Ellison, 268 Mo. 239, 187 S. W. 23, this court en banc made the following comment:

''To say, however, in an instruction to a jury, in the case of a rebuttable presumption, and when evidence has been introduced upon the question, that 'the law presumes' so and so, and that such presumption 'must be overcome' or 'overthrown' by evidence, is sometimes useless, sometimes prejudicial, and always illogical.''

Plaintiff, on the theory that the money was his property and that it never belonged to his father, was required to prove his claim by a preponderance or greater weight of the evidence. The instruction referring to the presumption casts a greater burden on plaintiff than the law required.

But even if this instruction could be held not to be prejudicially erroneous the following instruction complained of by appellant as casting too great a burden on him is palpably erroneous. This instruction reads:

''The Court instructs the jury that the burden of proof is upon the plaintiff to prove that he and not his father was the true, rightful and lawful owner of the contents of and of the envelope in question at the time of his father's death.

"You are further charged that if you find and believe from the evidence that plaintiff claimed to own the contents of this envelope for the first time after his father's death, then the burden is cast upon the plaintiff to prove that he and not his father was the owner of that money by evidence which is not only clear, cogent and convincing, but which convinces your minds of its truth beyond a reasonable doubt."

Respondent to justify the giving of this instruction cited many cases involving gifts causa mortis or gifts inter vivos and also cases against estates where the claims depended upon oral contracts made by the decedent. A few of such cases cited are: In re Opel's Estate, 352 Mo. 592, 179 S. W. (2d) 1; In re Franz' Estate, 344 Mo. 510, 127 S. W. (2d) 401; St. Louis Union Trust Co. v. Busch, 346 Mo. 1237, 145 S. W. (2d) 426. We have no fault to find with the rulings made in the above cases but they are not in point on the question before us. The instruction under consideration was not worded so as to apply to the theory of a gift, but expressly referred to the issue of whether the plaintiff or the father was the owner of the contents of the envelope at the time of the father's death. The fact, if it be a fact, that plaintiff never made any claim until after his father's death may be a strong circumstance against him, but that fact does not change the law on the burden of proof. We are not triers of fact issues in appeals of this nature, and while we agree with respondents that plaintiff's evidence, as it appears to us from the record, was not convincing, yet, he and his wife and another witness did give testimony, which, if believed by a jury, would justify a verdict for plaintiff on the theory that the money belonged to plaintiff and not his father. In such circumstances we must hold that the instruction as given was prejudicially erroneous. Defendants were entitled to an instruction informing the jury that under the evidence no verdict for plaintiff was authorized on the theory of a gift because the evidence was insufficient to sustain a verdict on such theory. However, upon the theory that the money belonged to plaintiff and that his father was simply keeping it for him the plaintiff had the burden to establish the fact by a preponderance or greater weight of the evidence. On a retrial the instructions should conform to this ruling.

 Instruction "G" was made the basis of an assignment of error. It reads:

"The Court instructs the jury that the plaintiff cannot establish ownership of the envelope in question and its contents alone by the mere alleged admissions or declarations of his father that this money belonged to the plaintiff. And such declarations, if any, in order to constitute sufficient proof to warrant recovery by plaintiff must be fortified and supplemented by other testimony or by facts and circumstances which corroborate and support such alleged declarations as true."

It may be true, as respondent argues, that evidence of witnesses as to unsworn statements alleged to have been made by another in the course of conversations held long before the testimony is given is generally regarded as weak evidence. 31 C. J. S. 1015. But the instruction does not pretend to be a cautionary instruction as to such evidence. In substance it informed the jury that even if it believed that plaintiff's father made declarations admitting that not he but plaintiff was the owner of the money in question, that was insufficient to support a verdict for plaintiff. Here again respondents cited many cases involving gifts causa mortis and inter vivos and cases depending on oral contracts made by decedents. See 28 C. J. 681; Roethemeier v. Veith, 334 Mo. 1030, 69 S. W. (2d) 930; Foley v. Harrison, 233 Mo. 460, 136 S. W. 354; Cartall v. St. Louis Union Trust Co., 348 Mo. 372, 153 S. W. (2d) 370. But the case before us is not such a case. This is simply a replevin suit wherein plaintiff seeks to recover his own property. Evidence of alleged statements by the father was offered as admissions against interest. Such evidence is admissible and in many cases sufficient to support a verdict. See Wahl v. Cunningham, 232 Mo. 21 (En Banc), 56 S. W. (2d) 1052, l. c. 1057 (9); 31 C. J. S. 963, sec. 219 (c); 31 C. J. S. 1015, sec. 265; also pages 1022, 1023, secs. 270, 272. The instructions singled out a certain portion of plaintiff's evidence and tended to minimize its probative value. In other words it told the jury that even if it believed the evidence it was not sufficient to support a finding. On a retrial it should not be given.

Respondents in support of this instruction also thoroughly analyzed plaintiff's evidence to demonstrate its weakness. As said above, we agree with respondents that plaintiff's evidence does not appear to be convincing, but that argument should be made to the triers of the facts for their consideration.

For the error in the instructions given the judgment is reversed and the cause remanded. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.