James L. McNAMEE and Marylin H.
McNamee, Plaintiffs-Respondents,

v.

Frazier E. GARNER,
Defendant-Appellant.

No. 43196.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 13, 1981.

Murray A. Marks, Clayton, for defendant-appellant.

Jack Gallego, Troy, for plaintiffs-respondents.

SNYDER, Judge.

James. McNamee and Marylin McNamee, his wife, sued Frazier Garner for trespass to realty and the destruction of trees under § 537.340, RSMo 1978. The jury found for defendant. The trial court granted plaintiffs' motion for a new trial, ruling that defendant's converse instruction was given in error, and defendant appealed. The judgment ordering the new trial is reversed.

The sole issue in this case is whether it was prejudicial error for the court to instruct the jury that plaintiffs had to prove defendant trespassed upon plaintiffs' land in order to prevail on their claim for the value of the trees.

Plaintiffs-respondents and defendant-appellant both live in St. Louis County, Missouri. Plaintiffs, defendant and defendant's father own separate parcels of forested land in Lincoln County, Missouri. All three parcels lie along a private road off Highway H in Lincoln County.

Plaintiffs alleged in their petition that defendant trespassed upon plaintiffs' land and destroyed 50 of plaintiffs' trees. According to plaintiffs' evidence, when plaintiff James McNamee visited his land in September 1977, he discovered that several trees on his land had been cut down. He met defendant at that time and asked him if he had cut down the trees. According to plaintiff James McNamee, defendant admitted cutting down the trees, but claimed they were on his land. When plaintiffs visited their property in September 1978, they found that many more trees had been cut down and removed. A total of 50 trees had been felled.

On October 26, 1978 plaintiff James McNamee, along with his brother-in-law, Herbert Gross, Jr., went to defendant's home to ask if defendant had cut down any

more trees. According to Gross, defendant admitted cutting down the trees, but claimed the trees were on a road easement that crossed plaintiffs' property. James McNamee said that he at no time gave defendant permission to come onto his land or to cut trees on his land.

Defendant admitted having the conversation but denied that he told plaintiff James McNamee he cut down the trees or that he had in fact cut down the trees. According to defendant, plaintiff James McNamee never asked him in the 1977 conversation whether he had cut down any trees on plaintiffs' property. In the 1978 conversation, according to defendant, plaintiff James McNamee asked whether defendant had cut any wood on "the property" and defendant admitted cutting wood on "the property," meaning defendant's and defendant's father's properties. The jury found for defendant after which the trial court granted plaintiffs a new trial.

Defendant's jury Instruction No. 5 which plaintiffs complain of read as follows:

"Your verdict must be for the Defendant on Count I and Count II of Plaintiffs' Petition unless you believe that the Defendant did trespass on the land of the Plaintiffs enter in and cut down trees growing on the land of the plaintiffs on or about September 1977 and September 1978; that Defendant had no right or interest in the trees; and that Plaintiffs sustained damages thereby."

There is no approved MAI instruction applicable to trespasses to land. Plaintiffs moved for a new trial because defendant's Instruction No. 5 required the jury to believe that defendant trespassed upon plaintiffs' land before they could find for plaintiffs. Plaintiffs argued that trespassing on the land was not a required element for recovery under § 537.340. On this basis the trial court granted plaintiffs' motion for a new trial. This court finds the submitted instruction was appropriate to the facts and followed the law. The judgment is, therefore, reversed.

■ Instructions not in MAI "shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." Rule 70.02(e). The ultimate test for such instructions is whether they follow the substantive law and can be readily understood. *Bayne v. Jenkins*, 593 S.W.2d 519, 530[9, 10] (Mo.banc 1980); *Streeter v. Hundley*, 580 S.W.2d 283, 287[4, 5] (Mo.banc 1979).

■ Section 537.340, RSMo 1978, entitled "Trespass on realty—treble damages recoverable, when," reads in part:

"If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, . . . on the land of any other person, . . . the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs."

The statute does not require specifically that the offending party enter the land wrongfully; however, the statute does require that the tortfeasor trespass on the land. The section imposes liability for the wrongful cutting down of trees. A person can wrongfully fell trees in only one of two ways—he can enter the land wrongfully and fell the trees or he can enter with the landowner's consent and then exceed the scope of that consent by felling trees without permission. Both entering land wrongfully and entering land with consent or license and exceeding the scope of that consent or license constitute a trespass. *Griesenauer v. Emsco Corporation*, 399 S.W.2d 147, 151[3–6] (Mo.App.1965); 1 Harper & James, The Law of Torts, § 1.11 (1956). It was therefore proper for the trial court to instruct the jury that defendant had to trespass on plaintiffs' land before he could be held liable under § 537.340.

The instruction was proper as a matter of law. It was error for the trial court to grant plaintiffs' motion for a new trial on the basis of this instruction. *Bayne v. Jenkins, supra* at 530[6–8].

The judgment of the trial court in ordering a new trial is reversed and the cause is

remanded with directions to reinstate the jury's verdict for defendant.

CRIST, P.J., and REINHARD, J., concur.