**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Robert R. PATCHEN,**
**Defendant-Appellant.**

**No. WD 33529.**

Missouri Court of Appeals,
Western District.

May 10, 1983.

William A. Mallory (argued) Butcher, Cline, Mallory & Covington, Columbia, for defendant-appellant.

Thomas F. Jones, Asst. Pros. Atty. (argued) Columbia, for plaintiff-respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Robert Patchen appeals from an order of the trial court denying his claim to property seized by law enforcement officers in the course of a lawful search and seizure. He asserts that the weight of the evidence supports the contention that he is entitled to possession. We reverse.

On June 16, 1981, Robert Patchen and Thomas Ray were arrested on suspicion of narcotics possession while driving a friend's car in Boone County, Missouri. After obtaining a warrant, the Boone County sheriff's department searched the contents of the car and its trunk and found, among other items, illegal narcotics, a .32 caliber pistol, a 20-gauge shotgun, a 12-gauge shotgun, and $9,990 in cash.

On September 2, 1981, Mr. Patchen pleaded guilty on two counts of possession of a controlled substance, and was sentenced to eight years imprisonment on each count, the sentences to run concurrently. That conviction is not at issue on this appeal.

On October 9, 1981, the state filed a "Motion to Dispose of Property held by the State," alleging that "certain items seized, referred to [in the list accompanying the motion], were either stolen property or items the possession of which is a crime, or items which can be used as raw material or instruments to produce items the possession of which is against the laws of the State of Missouri." The state's action was filed pursuant to §§ 542.301.1 and 542.301.2,[1] which provide that the following classes of unclaimed, seized property are subject to forfeiture: (1) stolen property, or property acquired in violation of chapters 569 and 570 of the statutes which remains unclaimed for one year from the date of the seizure (542.-301.1); (2) weapons, tools, devices, and substances used by the owner or with the owner's consent as a means for committing felonies (542.301.2); (3) property, the possession of which is an offense under the laws of Missouri; and (4) property which has been used as a raw material or instrument to manufacture or produce property which is illegal to possess (542.301.2).

Mr. Patchen filed a "Motion to Claim Right to Possession of Property Held by State" on November 5, 1981. In his petition, he sought the return of the following items:

(1) One 20-gauge Kimmel Kamper Model KKI shotgun, Serial # D127723.

(2) Approximately $6,000.00 in cash in $10's, $20's, $50's, and $100's.

(3) One brown paper sack and its contents of approximately $4,000.00 in cash in $10's, $20's, $50's, and $100's.

(4) One 12-gauge pump shotgun.

(5) One .32 caliber automatic pistol.

At trial, Mr. Patchen testified that, in addition to these items, a hunting knife seized by the state also belonged to him. The state did not object to the presentation of the evidence—in fact, it offered the knife into evidence. Thus, Mr. Patchen's pleadings may be considered to be amended to include the knife, even though no specific amendment to the pleadings was offered.

1. All sectional references are to Revised Statutes of Missouri, 1978.

*Condos v. Associated Transports, Inc.,* 453 S.W.2d 682 (Mo.App.1970); Rule 55.33(b).

A hearing on both motions was held on January 18, 1982, in the Circuit Court of Boone County at which the state argued that the narcotics, the cash, and the guns should be subject to forfeiture as substances used by the owner or with the owner's consent as a means of committing felonies. In support of its position, the state produced evidence showing that the seized items were in the possession of Mr. Patchen at the time of his arrest and that he had been convicted on the charge of possession of narcotics in connection with the seizure.

Mr. Patchen offered no evidence except for his own testimony. He told the court that the .32 caliber pistol had once belonged to his father, but that it had belonged to him since his father died, and that the two shotguns and the cash found in the car belonged to him. He alleged that about $3500 of the money was obtained from the sale of his trailer and that the remainder had come from his personal savings.

The state pointed out that "both personal service of a number of people as well as service by publication" as required by § 542.301.1(3) was accomplished prior to the hearing. Included among those who received personal notice of the proceedings was Thomas Ray, the passenger in the car when the seizure took place. No one claimed an interest in any of the property.

On January 21, 1982, the trial court held that the narcotics seized by the police were subject to forfeiture under § 542.301.2, but denied the state's motion seeking forfeiture of the guns, the knife, and the cash, "there being no evidence the items were used in the commission of felonies, or that the possession of said items is an offense under the laws of this State or that the items can be used . . . to . . . produce anything the possession of which is an offense . . . ."

The trial court also denied Mr. Patchen's claim to the knife, the guns, and the money, noting that it found his testimony "lacking in credibility and not worthy of belief." The court ordered that these items be held by the state pursuant to § 542.301.1(5), and sold at auction following this appeal.

Mr. Patchen now appeals from the denial of his motion, arguing that even though the court found his own testimony to be "lacking in credibility," the greater weight of the evidence supports the contention that he is entitled to possession of the knife, the guns, and the money.

Because we must accept the trial court's determination that defendant's testimony was not worthy of belief, we disregard that testimony entirely and consider only the effect of his undisputed possession of the items.

The state's assertion that mere possession is insufficient to establish ownership finds support in the law. *Goodman v. Nichols,* 238 Mo.App. 802, 188 S.W.2d 666 (1945). Equally well-established, however, is the rule that exclusive possession and control of personal property is prima facie evidence of ownership, and anyone else claiming the property must shoulder the burden of proof. *Ross v. Pendergast,* 353 Mo. 300, 182 S.W.2d 307, 309 (1944); *Glass v. Allied Van Lines, Inc.,* 450 S.W.2d 217, 220 (Mo.App.1970). That burden by a non-possessor is met only by a preponderance of the evidence. *Gregg v. Page,* 257 S.W.2d 161, 163 (Mo.App.1953).

Here, of course, the state is not claiming that even though Mr. Patchen possessed the articles, the state was the actual owner. The state claims only that absent a better showing by Mr. Patchen, he is not entitled to the property.— The question is then, does he have the burden of proving ownership, or drawing an analogy from the non-possessor claimant cases, does the state have the burden of rebutting the presumption that the possessor is the owner? Absent that showing, is the possessor entitled to retain possession?

We find no Missouri case on point, and so we look to other jurisdictions which have confronted the problem.

In *People v. Superior Court of Alameda County,* 100 Cal.App.3d 154, 160 Cal.Rptr. 663 (1979), $50,000 in foreign money, cur-

rency, coins, and jewelry were seized by the state from the residence of Nathaniel McGraw and Robin Strong, both of whom were charged with certain offenses in connection with a series of burglaries. Approximately 200 of the victims examined the seized property, but only five percent of it was claimed. Following McGraw's conviction on charges stemming from the burglaries, McGraw and Strong petitioned the court for return of the unclaimed items. The court granted their motion. The state appealed, arguing that a hearing must be held to determine whether the property is stolen before the property can be returned. The appellate court agreed. In remanding the case for an evidentiary hearing, the court noted at 666 a provision of California law consistent with the presumption in Missouri's common law, that is,

> Evidence Code 637 [which] provides that the "things which a person possesses are presumed to be owned by him." . . . Thus, the subject property is presumed to be owned by *[McGraw and Strong] until the state has presented evidence which would support a finding that [these] parties did not in fact own the property.* (Emphasis added.)

Similarly, in *McClendon v. Rosetti,* 460 F.2d 111 (2nd Cir.1972), six plaintiffs sought property including cars and cash seized at the time of their respective arrests, but no longer needed as evidence nor suspected of being the proceeds of crime. At that time, a New York ordinance placed the burden on the claimant from whose possession the property was taken to prove that he had "a lawful title or property right" to the property. Citing "the substantial degree of governmental arbitrariness" which resulted from such a burden on claimants, the court found the ordinance unconstitutional as violative of due process. Later, in *Williamsburg Volunteer Ambulance Corps. v. Wendt,* 95 Misc.2d 414, 408 N.Y.S.2d 207, 210 (N.Y.Civ.Ct.1978), *McClendon* was cited as standing for the proposition that "defendants [the police department of New York City] may not constitutionally impose upon a claimant the burden of proving rightful ownership of property or money

held by the property clerk." There, over $4000 held by the police was returned to plaintiffs from whom the money had been seized.

We would agree with the courts of California and New York that because one in possession is presumed to hold title, the state, just like any other contestor of that title, must bear the burden of showing that the possessor's title is defective.

■ As Oliver Wendell Holmes, Jr., said over a century ago in *The Common Law* 246 (1881), "[W]hat are the rights of ownership? They are substantially the same as those incident to possession. . . . The owner is allowed to exclude all, and is accountable to no one. The possessor is allowed to exclude all but one, and is accountable to no one but him."

Even if Mr. Patchen is not the true owner of the property, then, he holds rights, as the possessor, superior to all the world except the true owner.

Here, the state not only did not dispute that Mr. Patchen had possession, it offered no evidence that anyone else had a superior right to the property. The trial court found no evidence that the items were of the type to which the state had a right under § 542.301.

Accordingly, the state having failed to meet its burden to prove that either the state or another party was entitled to ownership, we hold that the possessor, Mr. Patchen, is entitled to retain possession of the guns, the knife, and the cash, subject, of course, to any liabilities which federal and state law may impose upon him as a convicted felon for receipt or possession of firearms or concealable weapons and further subject to any restrictions imposed upon his personal possession of such property by his jailer.

For the foregoing reasons, we affirm that part of the judgment of the trial court ordering forfeiture and destruction of the controlled substances, marijuana and Valium tablets; we reverse that part of the judgment pertaining to the firearms, the

knife and the $9,990.00 in cash seized on June 16, 1981, from the 1974 Dodge automobile driven by Robert Patchen; and we further direct that the court order that said firearms, knife and $9,990.00 in cash be delivered to appellant, to the extent that the law and regulations of appellant's jailer permit the appellant to receive and possess such property, or be delivered to the agent or person designated in writing signed by the appellant to receive said property for him.

All concur.