**Darryl J. JACKSON, Plaintiff–Respondent,**

v.

**PREMIER SERVICE CORP., d/b/a Airport Limousine Service, Defendant–Appellant.**

No. 53811.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 11, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 1988.

Application to Transfer Denied Jan. 17, 1989.

Edward R. Joyce, St. Louis, for defendant-appellant.

Coggan R. Mills, Sally Austin Mills, Clayton, for plaintiff-respondent.

GRIMM, Presiding Judge.

In this jury tried case, Premier Service Corp. appeals from a judgment entered in favor of plaintiff, Darryl Jackson, for actual and punitive damages incurred due to Premier's conversion of Jackson's van. Premier also appeals from a judgment entered for Jackson on its counterclaim for breach of contract. We reverse Jackson's judgment on his petition and affirm Jackson's judgment on Premier's counterclaim.

Although Premier's brief states three points relied on, the resolution of the submissibility issue also disposes of the damages issue, thereby leaving only two points. First, that the trial court erred in denying both Premier's motion for directed verdict at the close of Jackson's case and its motion for judgment in accordance with motion for directed verdict, or, in the alternative, motion for new trial, because Jackson failed to make a submissible case of conversion. We agree, because Jackson did not establish the requisite element of his "possession" or "an immediate right to possession" as of the date of the alleged conversion. Second, that the trial court erred in denying Premier's motion for judgment in accordance with motion for directed verdict, or, in the alternative, motion for new trial on its counterclaim because the jury's verdict was against the weight of the evidence. We disagree, because Premier did not request a directed verdict; further, we are not authorized to weigh the evidence.

A review of the facts in the light most favorable to Jackson reflects that on October 8, 1982, Jackson and Premier entered into two contracts. One contract, a Motor Vehicle Lease and Agreement, concerned the lease of Jackson's van to Premier and had a three-year term. The other, a Driver Service Agreement, required Jackson to furnish a driver to Premier; this agreement could be terminated by either party on 30 days' prior notice.

As pertains to the issue of possession or right to possession, the Motor Vehicle Lease and Agreement provides that:

It is agreed that the control and possession of the equipment and the responsibility therefore shall be exclusively [Premier's] for the full period of this lease. It is agreed that the equipment shall not be used during the period of this lease for any purpose other than as directed by [Premier] in the pursuance of its services to the public.

Title to the van was originally in Jackson. However, in order for Jackson to be licensed to operate his van as an airport limousine, Premier needed a non-negotiable title to the van. On January 27, 1983, Premier obtained a "non-transferable" title to the van in the name of "Airport Limousine Service".

Jackson and other owner/operators were concerned about vans which Premier had purchased and Premier was using to compete against them. The owner/operators filed suit against Premier. A hearing was conducted on March 18, 1984. After the hearing, Jackson went to Premier's garage, where his van was stored, to pick up his van. He found his van blocked in by other vehicles. The van's windows were rolled up, the doors were locked, and there were no keys. Jackson asked the manager for

the keys to his van, whereupon he was told that he had to wait for Mr. Banks, Vice-president and Executive Officer of Premier, to return from Jefferson City. Jackson thereafter made several calls to "secure [his] van" but he was "not allowed to get in [his] van". The van has remained in the garage.

Premier's first point is that the trial court erred in denying its motion for directed verdict at the close of Jackson's case and its motion for judgment in accordance with motion for directed verdict, or, in the alternative, motion for new trial, because Jackson failed to make a submissible case of conversion. Premier specifically argues that Jackson failed to sustain his burden of proof because he did not present substantial evidence that he was in lawful possession of the van on the date of the alleged conversion. We agree.

Jackson, to make a submissible case of conversion, must "have title to, or a right of property in, *and a right to the immediate possession of the property concerned at the [alleged date] of conversion.*" *Mickelson v. Airmen, Inc.*, 712 S.W.2d 714, 717 (Mo.App.W.D.1986), citing *Twellman v. Lindell Trust Co.*, 534 S.W.2d 83, 97 (Mo.App.E.D.1976). The law of conversion is concerned with possession, and not with title. *Lacks v. Rowland & Co., Inc.*, 718 S.W.2d 513, 517 (Mo.App.E.D. 1986). Since conversion is a possessory action, ownership alone is not enough to support a conversion action. *Mickelson* at 717. Jackson must have had possession or been entitled to immediate possession at the time of the conversion.

Here, the evidence fails to establish that Jackson had either the requisite possession or right to immediate possession of the van on March 18, 1984, the date of the alleged conversion. Under the lease agreement, Premier had "the control and possession" of the van for "the full period of [the] lease." The lease was not to expire until October 8, 1985; thus, it was in effect on March 18, 1984.

Jackson did not present any evidence that the lease was not in force on March 18, 1984. Nor did he establish that the lease agreement had been breached or terminated on that date. Jackson did not have possession or a right to immediate possession of the van on March 18, 1984. Thus, he failed to make a submissible case of conversion.

For its other point relied on, Premier says:

> The trial court erred in denying defendant's motion for judgment in accordance with motion for directed verdict, or in the alternative, motion for new trial, on defendant's counterclaim, for the reason that defendant presented clear evidence permitting of no reasonable inference to the contrary that it was entitled to judgment, plaintiff failed to present any evidence to rebut that inference, and the jury's verdict was against the weight of the evidence.

We first note that Premier did not request the trial court to direct a verdict in its favor on its counterclaim against Jackson. Thus, Premier erroneously alleges that the trial court erred in denying its request, as no such request was made.

Further, Premier had the burden of proof on its counterclaim and a verdict may be directed for the party having the burden of proof only in unusual or exceptional circumstances. Such circumstances exist where the proof is so clear and unequivocal and of such a nature as to permit no reasonable inference to the contrary. *Republic National Life Ins. Co. v. Missouri State Bank and Trust Co.*, 661 S.W.2d 803, 807 (Mo.App.E.D.1983). Those circumstances did not exist in this case, and a directed verdict on the counterclaim would have been inappropriate.

Finally, Premier says that the verdict was against the weight of the evidence. This contention is without merit. *Overfield v. Sharp*, 668 S.W.2d 220, 222 (Mo.App.W.D.1984). An appellate court is not authorized to weigh the evidence, because that is solely the function of the trial court in considering a motion for new trial where the ground asserted is that the verdict is against the weight of the evidence. *Id.* at 222; *Friedman v. Brandes*, 439

S.W.2d 490, 492 (Mo.Div. 2 1969). The credibility of witnesses and the weight of the testimony are within the province of the jury and are not matters for appellate review. *Wilkes v. Group Underwriters Mut.*, 715 S.W.2d 308, 310 (Mo.App.E.D. 1986). Point denied.

Jackson's judgment on his petition for conversion is reversed. Jackson's judgment on Premier's counterclaim is affirmed.

PUDLOWSKI, C.J., and KAROHL, J., concur.