**Ed FOLTZ, Appellant,**

v.

**James Dale PIPES, Respondent.**

**No. WD 42825.**

Missouri Court of Appeals,
Western District.

Oct. 9, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Dec. 4, 1990.

David M. Gleason, Kansas City, for appellant.

Jon M. Krebbs, Liberty, for respondent.

Before TURNAGE, P.J., and
MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Ed Foltz filed a replevin action against James Pipes for the recovery of a gold coin. Following a trial to the court, judgment was entered in favor of Pipes. Foltz contends that the judgment is against the weight of the evidence. Affirmed.

Foltz and Pipes are brothers-in-law and frequently attended auction sales together. On January 3, 1987, the two attended a farm auction at which Foltz purchased two trunks. One of the trunks contained a number of quilt pieces, doilies, and women's scarfs. The contents were auctioned off to a lady who went through the trunk and took out the items she desired. She indicated to Foltz that she had removed all of the property she wanted and left. Foltz testified that he went through the remaining contents of the trunk which consisted mostly of junk. He stated that in the bottom he found a piece of cloth with many colors with a string tied around it. He said he placed the other items from the trunk on the ground and when he found this piece of cloth with the string he untied it and found a United States one dollar gold coin dated 1850. He said the coin was in excellent condition and that after looking at it he placed it back in the cloth and tied it up. He thereupon placed the coin on the ground next to the other items which he had removed from the trunk.

Foltz testified that about thirty minutes after he purchased the trunk Pipes appeared and inquired if Foltz was ready to leave. Foltz said he was, and when Pipes turned to go get his van so the trunk could be loaded, Pipes saw a cloth tied with a string and picked it up. Foltz said that Pipes inquired as to what it was and Foltz said it was a coin he had found. Pipes unwrapped it and looked at the coin and put it in his pocket. Foltz said he thought Pipes was going to return the coin, but

when he did not, he asked Pipes to return it as they were driving from the auction and Pipes refused.

Foltz was shown a small piece of white cloth and asked if he could identify that as the cloth in which the coin was wrapped. Foltz said it was not the same cloth because the coin was wrapped in a cloth with several colors.

Foltz testified that they were riding in Pipes' van but on the way back to Kansas City it broke down and it was necessary to call Foltz's daughter to come to pick them up in Cameron. Foltz's daughter testified that she picked them up and that Pipes said that Foltz had found a coin wrapped in cloth and had laid it beside the trunk he purchased.

Pipes introduced evidence that he told a man who was with the woman who had purchased the contents of the trunk that Pipes had found the coin on the ground. There was evidence that Foltz had turned the trunk upside down and dumped the contents on the ground. There was also evidence that there was debris and various items scattered all over the ground as a result of various purchasers emptying the contents of many items on the ground.

Pipes testified that after he had talked with Foltz about leaving, he started to go get his van when he saw a piece of material with a string tied around it about three feet from the trunk Foltz had purchased. He stated he picked it up and untied the string and found the coin. He said he went back to Foltz and said "you can't guess what I found" and Foltz said, "a ten dollar gold piece." Pipes told Foltz it was a one dollar gold piece and gave the coin to Foltz who looked at it and gave it back to Pipes.

Pipes said that Foltz never made any claim to be the owner of the coin until November of 1987.

Pipes identified a piece of white cloth which was admitted in evidence as being the cloth in which the coin was wrapped.

He further said that he had no trouble with his car on the trip from the auction to Kansas City and that Foltz's daughter did not come to pick them up in Cameron.

There is no dispute that Pipes had exclusive possession of the coin. It is well settled in this state "that exclusive possession and control of personal property is prima facie evidence of ownership, and anyone else claiming the property must shoulder the burden of proof" and must prove his case by a preponderance of the evidence. *State v. Patchen*, 652 S.W.2d 265, 267[2, 3] (Mo.App.1983). Thus, the burden was on Foltz to prove his entitlement to the possession of the coin by a preponderance of the evidence.

From the evidence introduced by Pipes the court could have found that the first knowledge that Foltz had of the existence of the coin was when Pipes showed it to him. Foltz argues his evidence but the court obviously did not believe his version. The court had the right to judge the credibility of the witnesses. *Jensen v. Borton*, 734 S.W.2d 580, 584[1] (Mo.App.1987). The judgment is supported by substantial evidence and is not against the weight of the evidence.

The judgment is affirmed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

All concur.