Kyle and Hildegard **FONDREN,**
**Appellants,**

v.

**Brad REDWINE, Respondent.**

**No. 66500.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 5, 1995.

David Fondren, Fondren Legal Center, St. Louis, for appellants.

Brenda G. Baum, Evans & Dixon, St. Louis, for respondent.

AHRENS, Presiding Judge.

In this jury-tried case for statutory trespass and damage to a tree pursuant to § 537.340 RSMo (Supp.1993), plaintiff appeals and defendant cross appeals the judgment on a verdict in favor of plaintiff. We reverse.

On November 26, 1991, defendant, Brad Redwine, was driving his father's automobile northbound on Partridge Run in St. Louis County. While apparently attempting to pass another car, defendant lost control of the automobile. Defendant's automobile then entered plaintiffs Kyle and Hildegard Fondren's property, and struck a large pin oak tree growing in the front yard. There was no dispute that defendant did not have plaintiffs' permission to enter the property. Defendant testified at trial, however, that he did not intentionally enter plaintiffs' property, nor did he intentionally injure the tree.

As a result of the accident plaintiffs' tree was permanently injured and scarred. The tree, however, was not fatally injured, and was living at the time of trial.

Plaintiffs filed suit against defendant and defendant's father. Plaintiffs' petition alleged that defendant negligently drove his vehicle and that defendant's negligence proximately caused plaintiffs' damages. Plaintiffs sought treble damages for statutory trespass pursuant to § 537.340. Section 537.340 entitled "Trespass on realty—treble damages recoverable, when" states, in pertinent part:

If any person shall cut down, injure or destroy or carry away any tree placed or

growing for use, shade or ornament, ... being or growing on the land of any other person, ... the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs.

The suit against defendant's father was later dismissed. At trial, plaintiffs' verdict director submitted the issue of whether defendant "entered unauthorized on the land of the plaintiffs." The trial court refused plaintiffs' tendered damage instruction under § 537.340 and gave the MAI 4.02 property damage instruction. The jury returned a verdict in favor of plaintiffs for $375.00.

In their appeal, plaintiffs allege that the trial court erred in submitting a negligence damage instruction pursuant to MAI 4.02 [1980 Revision], and refusing plaintiffs' damage instruction based on § 537.340. Plaintiffs also allege that the trial court erred in denying their motions to treble the jury award and to tax trial expenses as costs.

Defendant cross appeals, alleging the trial court erred in denying his motion for a directed verdict because plaintiffs failed to make a submissible case under § 537.340.

■ As we find the issue on defendant's cross appeal dispositive, we will address this point first. Defendant contends that the trial court erred in denying defendant's motion for a directed verdict because plaintiffs failed to make a submissible case under RSMo § 537.340, in that there was no evidence that defendant intentionally entered plaintiffs' property and injured plaintiffs' tree.

■ In an action for damages, the claimant has the burden of proving a submissible case. *Carmel Energy, Inc. v. Fritter*, 827 S.W.2d 780, 782–83 (Mo.App.1992). To prove a submissible case, the claimant must establish each element of the cause of action by evidence of probative value, or by reasonable inferences drawn therefrom. *Id; Manor Square v. Heartthrob of Kansas City*, 854 S.W.2d 38, 44 (Mo.App.1993).

In determining whether plaintiffs made a submissible case, "all the evidence must be viewed in the light most favorable to the plaintiffs, giving them the benefit of all favorable inferences and disregarding defendant's

evidence, except insofar as it might be favorable to plaintiffs." *Tompkins v. Kusama,* 822 S.W.2d 463, 464 (Mo.App.1991).

To make a submissible case under § 537.340, plaintiffs must provide evidence that defendant trespassed on their property. *See Porter v. Fitch,* 727 S.W.2d 161, 163–64 (Mo.App.1987). This court, in *McNamee v. Garner,* 624 S.W.2d 867 (Mo.App.1981), held that the "statute does not require specifically that the offending party enter the land wrongfully; however, the statute does require that the tortfeasor trespass on the land." *Id.* at 868. The court explained that "both entering land wrongfully and entering land with consent or license and exceeding the scope of that consent or license constitute a trespass." *Id.*

Therefore, to determine whether a directed verdict would have been proper, we must determine if there was evidence from which a jury could determine that defendant trespassed on plaintiffs' property.

■ To constitute a trespass there generally must be an intent to do that which causes the trespass. *Cover v. Phillips Pipe Line Co.,* 454 S.W.2d 507, 512 (Mo.1970); *see also Baker v. Newcomb,* 621 S.W.2d 535, 537 (Mo.App.1981). Although it is not necessary that the trespasser intend to commit a trespass, or even know that the act will constitute a trespass, it is required for trespass that there be an intentional act; i.e. an intent to enter the land which results in the trespass. *Id.*

■ Furthermore, § 537.340 is a penal statute which must be strictly construed. *Brown v. Wilkinson,* 495 S.W.2d 678, 681 (Mo.App.1973); *Fitch,* 727 S.W.2d at 164. While penal statutes are to be strictly construed, "the primary purpose of all statutory construction is to ascertain the intent of the legislature, and the rule of strict construction does not require such a strained or narrow interpretation of the language as to defeat that intent." *Cook v. Burke,* 693 S.W.2d 857, 861 (Mo.App.1985); *BCI Corp. v. Charlebois Constr. Co.,* 673 S.W.2d 774, 780 (Mo. banc 1984). Although the language of the statute does not specifically require an intentional act, for the reasons previously noted, we find

this element to be required in an action under § 537.340, and that such was the intent of the legislature. We, therefore, hold that, under the facts of this case, § 537.340 requires an intent to enter the property.

Plaintiffs' pleadings alleged and plaintiffs introduced evidence which showed that defendant did not have permission to enter upon plaintiffs' property. Plaintiffs chose not to pursue negligence claims, but instead submitted their claims under § 537.340. However, plaintiffs neither pleaded nor proved that defendant intentionally entered upon plaintiffs' property. Accordingly, plaintiffs failed to make a submissible case of statutory trespass under § 537.340. The trial court therefore erred in not directing a verdict in favor of defendant.

As a result of plaintiffs' failure to make a submissible case under § 537.340, the trial court properly refused plaintiffs' tendered damage instruction based on § 537.340. Further, the trial court did not err in denying plaintiffs' motions to treble the jury award and to tax trial expenses as costs.

Judgment reversed.

PUDLOWSKI and GRIMM, JJ., concur.