**Robert M. FEHRMAN, Appellant,**

v.

**James PFETZING, Respondent.**

No. 68270.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 5, 1996.

---

Firmin A. Puricelli, Clayton, for appellant.

Mary Ann Weems, Corinne S. Coston, Clayton, for respondent.

CRAHAN, Presiding Judge.

Appellant/Plaintiff Robert Fehrman ("Plaintiff") appeals the judgment entered upon a directed verdict in favor of Respondent/Defendant James Pfetzing ("Defendant") on his claim for conversion of a boat and motor. We reverse and remand.

The underlying dispute which led to this cause of action concerned the ownership of a boat. Plaintiff claimed that the boat belonged to him and alleged that it had been

**602**

removed from his dock unlawfully by Defendant. Plaintiff filed a four count Petition alleging conversion, common law trespass, statutory trespass and conspiracy. At the close of Plaintiff's evidence the court granted Defendant's motion for directed verdict. On appeal, Plaintiff challenges only the directed verdict on the conversion count. Thus, Plaintiff has waived any errors in the disposition of the remaining counts. Plaintiff contends the court erred in granting a directed verdict on his claim for conversion because Plaintiff had established sufficient evidence for each of the elements of conversion to submit that count to the jury. We agree.

■ A directed verdict is a drastic measure, and on review we must consider all the evidence in the light most favorable to the plaintiff. *Beshore v. Gretzinger*, 641 S.W.2d 858 (Mo.App.1982). We accord to plaintiff the benefit of all favorable inferences deducible from the evidence, reject all unfavorable inferences, and disregard defendant's evidence except insofar as it aids plaintiff's case. *Id.* On appeal, a verdict directed against the plaintiff will fall unless the facts in evidence, and the legitimate inferences to be drawn from such facts, are so strongly against the plaintiff as to leave no room for reasonable minds to differ. *Id.; Bryant v. Frank*, 765 S.W.2d 731, 733 (Mo.App.1989).

■ The tort of conversion is the "unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Williams v. Kansas City*, 841 S.W.2d 193, 196 (Mo.App.1992). The Missouri verdict director for conversion lists three elements in proving conversion: (1) plaintiff was the owner of the property or entitled to possession of it; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession of the property. MAI 23.12(1) (1989). Defendant does not dispute the sufficiency of the evidence to establish the second and third elements. Thus, the only issue on appeal is the sufficiency of the evidence to support the first element. To establish this element, Plaintiff was required to prove that he was either the owner or was

entitled to immediate possession of the property at the time of the alleged conversion. *Hampton v. Stephens*, 691 S.W.2d 287, 289 (Mo.App.1985).

Plaintiff testified that he was the owner of a 1987 Cobalt boat and motor as described on a sales contract from Village Marina. Plaintiff test drove and selected the boat. He claimed he entered into an arrangement with Defendant whereby Plaintiff paid $23,000 to Defendant and Defendant gave Plaintiff $23,000 in checks payable to Village Marina, which Plaintiff used to purchase the boat and motor. Plaintiff also testified that Defendant agreed to have title to the boat and motor taken out in Defendant's name and to act as trustee for Plaintiff as long as Plaintiff paid all of the expenses. The title was kept in Plaintiff's desk until some time in December, 1989. Plaintiff listed the boat on his personal property declaration from 1990 through 1993 and paid the personal property taxes on the boat for those years. Plaintiff also testified he reimbursed Defendant for insurance on the boat and that Plaintiff had possession and control of the boat from the time of its purchase until it was removed by Defendant from Plaintiff's dock.

Plaintiff's witness Janice Compton testified that Defendant admitted to her that the boat was Plaintiff's despite the fact that it was titled in Defendant's name, that Defendant admitted to her that he always knew the boat was owned by Plaintiff, and that Defendant was present during discussions that the boat was Plaintiff's and never denied the boat was Plaintiff's.

Plaintiff also presented Defendant's deposition testimony in which he admitted that Plaintiff paid him back for the purchase price of the boat. Defendant gave checks for the boat to Plaintiff and Plaintiff took the checks to Village Marina to purchase the boat. Defendant did not accompany Plaintiff to purchase the boat and saw it for the first time on December 8, 1989, four months after Plaintiff purchased the boat.

■ In colloquy with counsel preceding the ruling on the motion for directed verdict, the trial court focused on the fact that the boat was titled in Defendant's name, that

Defendant issued the checks used to purchase the boat, and that Defendant paid the sales tax on it. While these are certainly relevant facts, they do not support a directed verdict. The law of conversion is concerned with possession, not with title. *Jackson v. Premier Service Corp.*, 761 S.W.2d 648, 650 (Mo.App.1988). Plaintiff need only have had possession or been entitled to immediate possession at the time of conversion. *Id.* "[E]xclusive possession and control of personal property is prima facie evidence of ownership." *State v. Patchen*, 652 S.W.2d 265, 267 (Mo.App.1983).

It is undisputed that Plaintiff had possession of the boat and motor from the date of its purchase in July 20, 1989 until taken by Defendant in December of 1989. In addition, there was substantial evidence from which a jury could have concluded that Plaintiff was, in fact, the equitable owner of the boat and motor, title notwithstanding, and that Plaintiff was entitled to immediate possession and control over the property by virtue of Plaintiff's "arrangement" with Defendant. Thus, Plaintiff's ownership or entitlement to possession of the boat and motor was sufficiently established to preclude a directed verdict. Inasmuch as the sufficiency of the evidence to establish the remaining elements of conversion is not disputed, we hold that it was error to direct a verdict on Plaintiff's conversion claim. Accordingly, we reverse the judgment on Count I of the petition and remand for a new trial on Plaintiff's conversion claim. Costs are assessed against Defendant.

CRANDALL and DOWD, JJ., concur.