James B. MUIR, Plaintiff/Respondent,

v.

James RUDER and Constance Ruder,
Defendants/Appellants.

No. 70300.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 29, 1997.

Timothy H. Battern, St. Louis, for appellant.

Bradley Harold Lockenvitz, Linn, for respondent.

Before RHODES RUSSELL, P.J., and SIMON and KAROHL, JJ.

PER CURIAM.

Defendants James Ruder ("landscaper") and Constance Ruder, his wife, appeal from the trial court's judgment ordering them to pay James B. Muir ("landowner") $6,160 for trees landscaper removed from landowner's property. Landowner filed a conversion and trespass action against landscaper, claiming that landscaper had broken a previous contract with landowner for the purchase of trees and then entered his property and unlawfully removed approximately 220 trees. The trial court erred in finding that conversion or trespass occurred in that the elements of those causes of action were not proven. The trial court further erred in ordering landscaper to pay landowner $6,160 in damages in that breach of contract was not pled nor tried implicitly by the parties. We reverse.

Landscaper operates a landscaping business in Gasconade County. He entered into an agreement with landowner for the purchase of trees on landowner's real estate. Landscaper and landowner agreed that landscaper would remove trees from landowner's property and pay landowner $6.00 per tree. In addition, landscaper agreed to transplant 120 trees for landowner in an area near the fence around landowner's property and repair any ruts or holes created in the process.

Landscaper asserted that he personally removed only 130 trees from the property and that the remaining 90 trees were stolen. However, witnesses at trial testified that they helped landscaper remove more than 200 trees from the property in two visits. Landowner was present during those two visits and watched landscaper remove the trees.

Landscaper admitted he never paid for any trees, nor did he fill any ruts or holes, nor transplant any trees. Landscaper contended that he told landowner he did not have the right equipment to move the specific trees landowner wanted transplanted, but that landowner did not respond to him. Landowner said landscaper never told him he could not transplant the trees, but instead gave various excuses as to why the trees had not yet been transplanted.

Landowner sued for trespass and conversion charges. He also requested treble damages for trespass, as specified in Section

537.340 RSMo 1994.[1] The trial court found for landowner and ordered landscaper to pay landowner $6,160 for 220 trees. This amount was based on landowner's testimony that each tree, if purchased at a nursery, would cost approximately $28. Treble damages for trespass were denied. Landscaper appeals.

Our review is governed by the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ Landscaper's first point on appeal is that the evidence failed to prove the elements of either trespass or conversion. Trespass is the unauthorized entry by a person upon land of another. *Crook v. Sheehan*, 740 S.W.2d 333, 335 (Mo.App.1987). For damages to be awarded for trespassing, intent to be on the property and direct physical interference with that property must be shown. *Hansen v. Naugle Constr. Co.*, 801 S.W.2d 71, 74 (Mo. banc 1990).

■ Landowner gave landscaper permission to enter his property. The two men had made an oral agreement which permitted landscaper's entry onto landowner's property. Landowner argued that the agreement was broken because landscaper did not transplant the trees. However, landscaper testified that he had already removed one batch of trees before he realized that the trees landowner wanted transplanted were too large for his equipment.

Landscaper, however, returned to landowner's property and removed more trees. Landowner testified he "objected" when landscaper took out a second load before paying for the first load. Although it is unclear as to exactly what landowner did when he "objected," landowner did not ask landscaper to leave his property nor return the trees upon either visit. Landowner watched landscaper remove trees and took no action to remove landscaper from his property.

■ Landowner also spoke with landscaper while he was on the property removing trees, and landowner watched as landscaper showed him how to bag trees. One who silently watches another enter upon his land, and then willingly engages him in conversation while standing on the premises, may not later complain of trespass. *Boling Concrete Constr. Co. v. Townsend*, 686 S.W.2d 842, 843 (Mo.App.1985).

■ Even if the common law elements of trespass were not proven, removing trees from the property of another may result in statutory trespass. Section 537.340 RSMo imposes liability for the wrongful cutting down of trees. A person can wrongfully cut down a tree in two ways which would result in trespass. *McNamee v. Garner*, 624 S.W.2d 867, 868 (Mo.App.1981). First, he can enter the land without permission and cut down the trees. *Id.* As landscaper had permission to enter on landowner's land, this element does not apply. Second, he can enter with the landscaper's consent and then exceed the scope of the consent and cut down trees without permission. *Id.* Landscaper did not return to landowner's property, without landowner's knowledge, and remove trees after landowner had told him not to return. Landowner failed to prove trespass.

■ Conversion is the unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights. *Fehrman v. Pfetzing*, 917 S.W.2d 600, 602 (Mo. App.1996). The three elements which must be established to prove conversion are: (1) plaintiff was the owner of property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession of property. *Id.*

■ Both parties admit that the trees were landowner's property, and that landscaper took possession of that property, thus depriving landowner of the right to possession of the property. However, landowner acknowledges that he had made an agreement with landscaper whereby landscaper

1. Unless otherwise noted, all statutory references are to RSMo 1994.

was to remove the trees from his property. The taking of the trees by landscaper was authorized by landowner. When the initial taking is authorized, demand for return of the property and refusal are necessary to the existence of a conversion claim. *Kennedy v. Fournie*, 898 S.W.2d 672, 678 (Mo.App.1995); *Collins v. Trammell*, 911 S.W.2d 635, 638 (Mo.App.1995). There was no evidence which would support a finding landowner ever demanded the return of his trees. Thus, landowner failed to prove conversion. Point granted.

Landscaper further argues that landowner's recovery cannot be based on a breach of contract claim in that landowner's petition and evidence failed to allege any agreement between the parties.

■■■ In a breach of contract cause of action, the plaintiff must plead that there was: (1) mutual agreement between parties capable of contracting; (2) mutual obligations arising out of the agreement; (3) valid consideration; (4) part performance by one party; and (5) damages resulting from the breach of the contract. *Scher v. Sindel*, 837 S.W.2d 350, 354 (Mo.App.1992).

Landscaper contends that landowner failed to plead an agreement between the two parties, but merely alleged that landscaper removed, cut, or killed 244 trees from landowner's land and thus owed landowner $28 for each tree, plus treble damages for trespass.[2] Landowner's pleading further alleged that landscaper had no interest or right to the landowner's property.

■■■ Failing to plead the elements of breach of contract is not always fatal to a possible breach of contract action. Rule 55.33(b) states "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Thus, landowner could be awarded damages for breach of contract if a breach of contract claim was implicitly tried.

■■■ In determining whether a claim was tried by implied consent, the court must ex-

amine whether the evidence which would give rise to an amendment of the pleadings bears solely on the proposed new issue and is not relevant to some other issue already in the case. *Lester v. Sayles*, 850 S.W.2d 858 (Mo. banc 1993). In *Lester*, a mother and daughter were struck by a truck while crossing the street. The defendant alleged mother's comparative fault as a defense. The court said that comparative fault as against the daughter was not tried by implied consent merely because the issue of daughter's comparative fault arose during mother's testimony. Mother's testimony was relevant to other issues in the case which were pled, and therefore, did not bear solely on the proposed new issue of daughter's comparative fault.

*Lester* is analogous to this case. Here, both parties' testimony concerning their former agreement was probative of the claims in the pleadings. This testimony was relevant to the issues pled. The pleadings have not been amended to claim breach of contract if the evidence introduced would support that claim was admissible and relevant to other issues previously pleaded in the case. Specifically, the attorneys for both parties questioned the witnesses as to the alleged agreement regarding removal, purchase and transplanting of trees. Both parties admitted that there was an agreement which was partially performed when landscaper removed trees and landowner permitted him to do so. These questions and this evidence were relevant on both the trespass and conversion counts. The testimony laid foundation for questioning the witnesses about landscaper's interest in being on the property under landowner's consent.

Further, landscaper pled contract as an affirmative defense. The details of the agreement were relevant to landscaper's explanation as to why he was lawfully on landowner's property and lawfully removed trees.

Thus, breach of contract was not tried by implied consent. Landowner, therefore, can-

---

**2.** Although landowner alleged in his pleadings and at trial that landscaper removed 244 trees, the trial court awarded damages for 220 trees.

not recover on a breach of contract theory. Point granted.

Landscaper's other two points concern the award of damages and the finding of liability of Constance Ruder. In light of our determination that no cause of action was proven, these points are moot.

Judgment reversed.